Ralph CHASIS et al., Appellants,

v.

PROGRESS MANUFACTURING COM-
PANY, Inc.

and

International Brotherhood of Electrical
Workers, AFL–CIO, Local 1841, Interna-
tional Brotherhood of Electrical Work-
ers, AFL–CIO, Local 2005, International
Brotherhood of Electrical Workers,
AFL–CIO, Appellees.

No. 16173.

United States Court of Appeals
Third Circuit.

Argued April 3, 1967.

Decided Sept. 15, 1967.

Norman Shigon, Philadelphia, Pa., for appellants.

Richard H. Markowitz, Philadelphia, Pa. (Wilderman, Markowitz & Kirschner, Richard Kirschner, Philadelphia, Pa., Sherman & Dunn, Thomas X. Dunn, Washington, D. C., on the brief), for appellees, International Brotherhood of Electrical Workers, AFL-CIO, Local 1841 and Local 2005, International Brotherhood of Electrical Workers, AFL-CIO.

Geoffrey J. Cunniff, Bala-Cynwyd, Pa., for appellee, Progress Mfg. Co., Inc.

Before McLAUGHLIN and GANEY, Circuit Judges, and NEALON, District Judge.

## OPINION OF THE COURT

NEALON, District Judge.

In this action, plaintiffs, having been discharged by their employer, Progress Manufacturing Company, Inc. (Progress), brought suit under § 301(a) of the Labor Management Relations Act of 1947,[1] against Progress, the International Brotherhood of Electrical Workers, and two of its Locals, #1841 and #2005. The District Court granted defendants' motions to dismiss, holding that it was without jurisdiction, inasmuch as the conduct complained of [2] was arguably an

---

1. "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." Labor Management Relations Act, § 301(a), 29 U.S.C. § 185(a).

2. The District Court opinion noted, in pertinent part:

   "Plaintiffs allege a number of instances of unfair and discriminatory treatment by their union and employer. It is merely claimed in the broadest terms that such discrimination violated the collective bargaining agreement. We are, therefore, faced with the question as to whether this action rightly can be considered a suit 'for violation of (a) contract(s) between an employer and a labor union' under Section 301. *To treat this as a suit under Section 301, and thus not subject to the primary jurisdiction of the National Labor Relations Board, would be a significant extension of the rule of Smith v. Evening News Assn., supra [371 U.S. 195, 83 S.Ct. 267]. Although the law is not settled, this Court*

unfair labor practice and, under existing authority, the action was preempted by the primary jurisdiction of the National Labor Relations Board.

██ While this appeal was pending, the United States Supreme Court handed down its opinion in the case of Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L. Ed.2d 842 (1967), holding that in a suit by a member against his union charging a violation of the union's duty of fair representation, the National Labor Relations Board does not have exclusive jurisdiction and, therefore, a Court's traditional jurisdiction to curb arbitrary conduct by an employee's statutory representative is not preempted by the Board. In discussing the intricate relationship between the duty of fair representation and the enforcement of collective bargaining contracts, the Court pointed out that the question of whether a union has breached its duty of fair representation will in many cases be a critical issue in a suit under § 301 charging an employer with a breach of contract. As a result, if an employee sues his employer for breach of contract in a § 301 action and joins the union as a defendant alleging a breach of its duty of fair representation, the action is still a § 301 suit and the jurisdiction of the Court is not preempted. Consequently, the pivotal point in the District Court's disposition of defendants' motions was removed by the ruling in Vaca (supra).

Conceding the applicability of Vaca to the present case, insofar as it negates Labor Board preemption of fair representation disputes, defendants nevertheless assert most strenuously that the District Court lacked jurisdiction because the gravamen of plaintiffs' action does not fall within § 301 inasmuch as " * * the complaint does not allege a breach of contract nor are the allegations of the complaint sufficiently broad to reasonably support such a claim." According to defendants, in order to establish § 301 jurisdiction here the complaint must contain specific allegations of (1) an unlawful discharge in violation of an identified paragraph of the collective bargaining contract, (2) the existence and extent of the grievance and arbitration procedure under the contract, and (3) the violation of the union's duty to fairly represent plaintiffs in processing their grievances through the arbitration procedure.

To meet this contention we must analyze the allegations in the complaint, and a fair reading thereof reveals the following:

Progress is engaged in the manufacture and sale of light fixtures and other electrical appliances; plaintiffs were hourly-rated employees at Progress' plant and were members in good standing of Local 1841 and/or Local 2005, both of which are affiliates of the International Brotherhood of Electrical Workers (AFL-CIO); defendant unions represented plaintiffs in all labor-management relations with Progress under a collective bargaining agreement in force during the period in question and which was to expire "in the early part of 1959"; on or about October 21, 1958, defendants " * * * unlawfully, wickedly, deliberately and maliciously conspired and agreed together to injure the plaintiffs, and others similarly situated, to cause them to lose their jobs at Progress * * * (and) * * * to deprive them of their contractual rights * * "; in pursuance of said conspiracy, Progress, on October 24, 1958, suspended and subsequently discharged plaintiffs " * * * alleging falsely that the plaintiffs and others similarly situated lacked the qualifications and ability to do their jobs well and perform their duties properly * * * "; that this " * * * mass discriminatory discharge of plaintiffs and others similarly situated was in violation of the labor agreement then in effect and in force * * * "; that after these discharges defendant unions, pursuant to the conspiracy, " * * * and contrary to their obligations to plaintiffs as bargaining union representatives,

*has reluctantly concluded that this action cannot be so considered and. the*

*complaint must, therefore, be dismissed."* (Emphasis supplied)

* * *" refused and failed " * * * to process grievances, obtain arbitration, or file charges with the National Labor Relations Board * * *" and forestalled plaintiffs from filing their charges until such time as the six-month statute of limitations before the Board had expired, and further maliciously refused to support plaintiffs before the Board and in seeking reinstatement of plaintiffs with Progress; all of which, according to plaintiffs, deprived them " * * * of the emoluments and benefits to which each * * * were entitled under and pursuant to their collective bargaining agreements * * *". Obviously, the thrust of the complaint is to charge defendants with engaging in a conspiracy through which Progress discharged plaintiffs in violation of the collective bargaining contract by falsely accusing them of inability to perform their duties and the unions breached their duty of "fair representation" by refusing and failing to process the grievances and obtain arbitration. However, the collective bargaining contract is not appended to the complaint and there are no express allegations quoting the language of the contract allegedly breached or specifically identifying the pertinent provisions by article, paragraph or section. Such specific allegations, according to defendants, are "the *sine qua non* for the assertion of jurisdiction by the federal courts under Section 301."

It is "hornbook law" that the jurisdiction of a District Court must appear affirmatively on the face of the Complaint.[3] Patton v. Baltimore & O. R. Co., 197 F.2d 732 (3d Cir. 1952). If a party seeking to invoke federal jurisdiction asserts a substantial claim under a federal statute, then this jurisdictional prerequisite is satisfied. In this regard, the opinion in Romero v. International Term. Operating Co., 358 U.S. 354, 359,

79 S.Ct. 468, 473, 3 L.Ed.2d 368 (1959), is illuminating:

"The District Court dismissed petitioner's Jones Act claims for lack of jurisdiction. 'As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action.' Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249, 71 S. Ct. 692, 694, 95 L.Ed. 912. Petitioner asserts a *substantial* claim that the Jones Act affords him a right of recovery for the negligence of his employer. *Such assertion alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights.*" (Emphasis supplied)

See also, Roadway Express, Inc. v. General Teamsters Local 249, 330 F.2d 859, 861 (3d Cir. 1964), wherein it was stated:

"In other words, Local 249's position is that the existence of a contract in an action brought pursuant to § 301 of the Act is a jurisdictional fact, the existence of which may be determined by a district court prior to trial. We cannot agree. The complaint properly averred a cause of action under § 301 of the Act. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). Hence the District Court had jurisdiction over the claim. Whether such averments have merit or not is immaterial on the question of jurisdiction since that is determined from the face of the complaint. Hall v. Sperry Gyroscope Co., etc., 183 F.Supp. 891 (D.C. N.Y.1960)."

The complaint in this case cannot be likened to those that rely on a bare reference to a Federal Statute or which make frivolous and unsubstantial allega-

3. "A pleading which sets forth a claim for relief * * * shall contain * * * a short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 8(a), Federal Rules of Civil Procedure.

tions in support of jurisdiction.[4] While it would have been better pleading to specify the particular contractual terms involved and to append a copy of the contract, such exactness was not indispensable for jurisdiction to attach in light of the extent and import of the allegations made. Certainly a study of the allegations in plaintiffs' complaint reveals that the claim here is substantial and not frivolous. Moreover, the basic purpose of the statute involved, viz., § 301(a), was not to limit, but to expand, the availability of forums for the enforcement of contracts made by labor organizations. Dowd Box Co. v. Courtney, 368 U.S. 502, 508, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). The statute is not to be given a narrow reading as Congress intended to have the administration of collective bargaining contracts accomplished under a uniform body of substantive law. Smith v. Evening News Ass'n., 371 U.S. 195, 199, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). To require a plaintiff to set out each and every contractual fact and contention in detail before federal jurisdiction would attach under § 301 would be unreasonable and unwarranted in light of the purpose underlying § 301 and the function of the complaint in federal pleading.[5]

Accordingly, we conclude that the allegations in the complaint are sufficient to establish jurisdiction in the District Court under § 301(a). See Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). Whether the contract will support plaintiffs' contentions concerning their discharge

and the failure to utilize the grievance and arbitration machinery is another matter.[6] But it is a matter which must be pursued beyond this juncture of the proceedings. We, therefore, reverse and remand the matter for further proceedings.

---

4. "* * * a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 66 S.Ct. 773, 776, 90 L.Ed. 939, 327 U.S. 678, 682 (1946).

5. In Smith v. Evening News Ass'n., (supra), the only part of the collective bargaining contract set out in the record was the no-discrimination clause.

6. "The well established practice * * * has been that the assertion of a substantial claim under a federal statute gives a United States Court jurisdiction of that claim even though that court may determine ultimately that no cause of action on which relief could have been granted was alleged." Hughes v. Local No. 11 of International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, 287 F.2d 810, 814 (3d Cir. 1961).