Donna Beth HACKNEY, Successor Administratrix of the Estate of Byrdie E. Blasdel, Deceased, Plaintiff-Appellant,

v.

NEWMAN MEMORIAL HOSPITAL, INC., an Oklahoma Corporation, a/k/a Newman Memorial Hospital; Newman Medical Center, Inc., a professional corporation; Joseph J. Smith, M.D.; and Jack T. Dancer, M.D., Defendants-Appellees.

No. 78–1981.

United States Court of Appeals, Tenth Circuit.

Argued April 16, 1980.

Decided May 16, 1980.

Gomer Smith, Jr., of Smith, Smith & Vaughn, Oklahoma City, Okl. (W. Rogers Abbott, II, and John C. McMurry of Abbott & McMurry, Oklahoma City, Okl., with him on the briefs), for plaintiff-appellant.

John E. Wiggins, Oklahoma City, Okl., for defendants-appellees, Newman Medical Center, Inc., Joseph J. Smith, M.D., and Jack T. Dancer, M.D.

Glen D. Huff, Oklahoma City, Okl. (James D. Foliart, Oklahoma City, Okl., with him on the brief), of Foliart, Mills & Niemeyer, Oklahoma City, Okl., for defendant-appellee, Newman Memorial Hospital, Inc.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal from an order dismissing a wrongful death action brought by Donna Beth Hackney as administratrix of her deceased mother's estate. The basis for the dismissal was the trial court's ruling that plaintiff was improperly or collusively appointed successor administratrix to create diversity jurisdiction, in violation of 28 U.S.C. § 1359. The propriety of this ruling is the only question in this appeal.

Byrdie Blasdel, a life-long resident of Oklahoma, died November 12, 1975. She was survived by her husband, a severely disabled person, also a resident of Oklahoma, and two daughters, Brenda Sue Rea and plaintiff. Rea was a citizen of Oklahoma; plaintiff was then a citizen of Colorado. The family decided Rea should administer the estate and she was duly appointed. She acted in this capacity until June 6, 1977, when she resigned and plaintiff was appointed successor administratrix. At that time the estate had been fully administered except for the conduct of the wrongful death action. This suit was commenced on August 29, 1977, while plaintiff and her husband were in Oklahoma on a house-

hunting trip because of an anticipated transfer of plaintiff's husband by his employer. In September the transfer was finalized, and plaintiff and her husband moved to Woodward, Oklahoma, where they have resided since. All defendants are citizens of Oklahoma.

The trial court held an evidentiary hearing to determine whether plaintiff was a citizen of Oklahoma when the suit was filed and, in the alternative, whether she was improperly or collusively appointed to succeed her sister for the purpose of creating diversity jurisdiction. The trial court found that plaintiff was a citizen of Colorado when the suit was filed, but ordered dismissal on the ground plaintiff was appointed in violation of the anti-collusion statute, 28 U.S.C. § 1359. Plaintiff appeals from this order.[1]

The trial court did not expressly discuss section 1359 in terms of its "improperly or collusively made" language.[2] Instead, it couched the holding in factual terms, referring to the case as "essentially a local controversy" and finding the appointment of plaintiff was for the "primary purpose of invoking federal jurisdiction." Plaintiff argues that the court's reliance upon a "primary" purpose test is erroneous. We do not decide that issue, since we hold the purpose of the appointment is not determinative in this case.

Prior to 1968 the courts construed section 1359 narrowly in determining whether an appointment of a nonresident fiduciary was improper or collusive. The leading case, *Corabi v. Auto Racing, Inc.*, 264 F.2d 784 (3d Cir. 1959), held that such an appointment is not collusive unless there is collusion between plaintiff and defendant in fraud of the court, and is not improper if the state court appointment was valid. But in *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), *cert. denied*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), *Corabi* was

overruled, the court reasoning that the relevant collusion is between the "nonresident [fiduciary] and the applicant for his appointment in the state proceeding as a result of which one who would not otherwise have been named as [fiduciary] has achieved the status from which he claims the right to sue because of his artificial selection solely for the purpose of creating jurisdiction." *Id.* at 873. It also reasoned that a federal court's determination that a fiduciary's appointment violates section 1359 is not a collateral attack on the appointment by the state court. The appointee retains the capacity to act as representative; his or her citizenship is simply disregarded for federal purposes. *Id.* at 874. The court construed the words "improperly or collusively" to "say in effect that a nominal party designated simply for the purpose of creating diversity of citizenship, who has no real or substantial interest in the dispute or controversy, is improperly or collusively named." *Id.* at 873. Shortly thereafter in *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), the Supreme Court held that an assignment of an interest in a contract for purposes of collection only is improperly or collusively made under 28 U.S.C. § 1359 even though the assignment is valid under state law.

Drawing in part upon *Kramer*, other circuits have followed *McSparran*. See, e. g., *Bishop v. Hendricks*, 495 F.2d 289 (4th Cir.), *cert. denied*, 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653 (1974); *Rogers v. Bates*, 431 F.2d 16 (8th Cir. 1970); *O'Brien v. AVCO Corp.*, 425 F.2d 1030 (2d Cir. 1969). See generally, 14 C. Wright, A. Miller & E. Cooper, Federal Prac. & Proc.: Jurisdiction § 3640 (1976). In several of these cases the parties admitted the sole reason for the out-of-state fiduciary was to achieve diversity jurisdiction, as was permitted under the *Corabi* rule. E. g., *O'Brien v. AVCO Corp.*, supra. The courts following *McSparran*,

---

1. Defendants did not file a cross-appeal concerning the trial court's ruling that plaintiff was a Colorado citizen. We therefore do not entertain their arguments that the court's decision was error.

2. 28 U.S.C. § 1359 provides that a district court "shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

however, have emphasized that the purpose for which the representative was appointed is but one of the factors the court should consider. *E. g., Bishop v. Hendricks, supra; Lester v. McFaddon*, 415 F.2d 1101 (3d Cir. 1969). Although they found appointment of straw parties as fiduciaries solely to obtain diversity jurisdiction was collusive within section 1359, in dictum they declared or inferred that if the appointed representative has a substantial relationship to the litigation the result would be different. *See, e. g., Bishop v. Hendricks*, 495 F.2d at 295. The instant case tests the dictum.

Some courts have held that an administrator whose sole function is to conduct a wrongful death action and collect the proceeds for the beneficiaries is only a nominal party for purposes of section 1359. *E. g., O'Brien v. AVCO Corp.*, 425 F.2d 1030 (2d Cir. 1969); *Lester v. McFaddon*, 415 F.2d 1101 (4th Cir. 1969). Under Oklahoma law the administrator, if there is one, must bring the wrongful death action and distribute any proceeds recovered directly to the statutory beneficiaries. Okla.Stat.Ann. tit. 12, § 1053 (West 1961) (amended 1978). The administrator, in whom the cause of action inheres, has full authority to conduct the litigation; the beneficiaries have no right to settle, control or otherwise dispose of the action. *National Valve & Mfg. Co. v. Wright*, 205 Okl. 690, 240 P.2d 766 (1951). Also, plaintiff here is a beneficiary entitled to a portion of any proceeds recovered in the suit. *See id.* at 1106; *see also O'Brien v. Stover*, 443 F.2d 1013 (8th Cir. 1971). Because plaintiff has a real, substantive stake in the litigation she is not a straw party. Had plaintiff been appointed as the original administratrix, defendants admit they would have had problems in challenging the appointment. We think the result should be the same, even if she was appointed as successor simply to obtain diversity jurisdiction.

There was a vacancy in the office of administratrix of the estate; plaintiff is a statutorily preferred replacement, Okla. Stat.Ann. tit. 58, § 122 (West 1965), and was the only one capable of serving after Rea's resignation. Allowing plaintiff to be appointed and pursue this action in federal court does not provide opportunities for abuse of federal jurisdiction in any degree comparable to appointment of a nonresident straw party. A rule permitting challenge of the appointment as fiduciary of a nonresident family member who has a beneficial interest in the recovery would provide an opportunity for delay tactics by defendants and force trial courts to hold hearings upon subjective motivations that would be time consuming and extremely difficult to resolve. We think the better view is to make immune from challenge, for diversity purposes, an appointment of a fiduciary who has a substantial beneficial interest in the litigation being conducted.

Reversed and remanded for further proceedings consistent herewith.

SETH, Chief Judge, concurring:

I concur with the conclusion that it has not been shown that plaintiff is a straw party, but would like to emphasize other aspects of the case.

The trial court concluded "that the primary or dominant purpose of the appointment of Plaintiff as successor administratrix was to invoke federal jurisdiction." However, such a "primary purpose" can exist without bringing this case within the prohibitions of 28 U.S.C. § 1359. There can have been such a purpose, but nevertheless the representative has not been shown to have been collusively or improperly made a party as the statute contemplates. A motive or intent to secure federal jurisdiction does not of itself defeat jurisdiction.

The conclusion by the trial court that the federal jurisdiction purpose was "primary," necessarily also concludes that there were other and different reasons, whether advanced by plaintiff or not, for the appointment, hence a determination that the quest for federal jurisdiction was not the sole reason. *See Bishop v. Hendricks*, 495 F.2d 289 (4th Cir.); *McSparran v. Weist*, 402 F.2d 867 (3d Cir.); and *Gilchrist v. Strong*, 299 F.Supp. 804 (W.D. Okl.).

This primary purpose test applied by the trial court thus does not as a matter of law apply the statutory standard. It invokes the sanctions of 28 U.S.C. § 1359 on a showing not therein contemplated.

The Supreme Court in *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9, considered an assignment to a collection agent, and concluded that the assignment was "improperly or collusively made" under 28 U.S.C. § 1359. The Court said it would not reexamine cases wherein the assignment was "absolute" regardless of the transferor's motive; nor would it consider whether in cases brought by an administrator or guardian "a motive to create diversity jurisdiction renders the appointment of an out-of-state representative 'improper' or 'collusive'." The Court stated several reasons why administrator cases might be different from assignment cases. One of these differences describes the state action in appointments with the inference that an examination under the collusive and improper standard might interfere with state probate administration.

We recognize the differences between assignment cases and those involving representatives in probate proceedings and the implications therein. However, we agree with other circuits that the citizenship alone of the representative cannot be determinative under 28 U.S.C. § 1359 when it is challenged as in the case before us, and that *Kramer* does not prevent an examination of other factors. *Lester v. McFaddon*, 415 F.2d 1101 (4th Cir.); *McSparran v. Weist*, 402 F.2d 867 (3d Cir.).

Thus we hold that a limited examination and evaluation of the facts surrounding the appointment of plaintiff and of the duties she is to perform are proper but not to include whether she is experienced, capable, or somehow competent, as we do not endorse the general examination into *qualifications* as described in *Groh v. Brooks*, 421 F.2d 589 (3d Cir.). This is for the reason that if it be determined that those standards are not met, the conclusion must be that the representative is not competent, and the problems contemplated in *Kramer* thus arise. This goes beyond the bare jurisdictional view of the representative.

The usual measure under the collusive and improper standard applies to the plaintiff as a representative as it does in cases concerned with other matters. There are indications in some reported cases that other standards apply to administrators, but we see no basis for a different treatment.

This court in *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir.), considered the meaning of "collusive" and "improperly" in an assignment case, and discussed the authorities. *See also* the same case at 368 F.2d 905.

The existence of a motive or interest to create diversity is not necessarily fatal as we mentioned at the outset. The teachings of *Black and White Taxi. Co. v. Brown and Yellow Taxi. Co.*, 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681, must be considered. Motive and intent are obviously elements in the collusive and improper determination, but are not controlling factors under *Black and White*.

The court in *McSparran v. Weist*, 402 F.2d 867 (3d Cir.), decided that "collusively" can include improper agreements among the several persons on only one side of the litigation. We do not decide that question as the collusion issue has not yet been reached. *See also Cashman v. Amador & Sacramento Canal Co.*, 118 U.S. 58, 6 S.Ct. 926, 30 L.Ed. 72, and *Schilling v. Belcher*, 582 F.2d 995 (5th Cir.), and the references therein to "party plaintiff 'collusively made'."

Thus the test applied by the trial court does not meet the requirements of the statute, and the case must be and is reversed and remanded to the trial court for further proceedings.