780 F.2d 614
 Krista WILSEY, Individually and as Special Administrator of
the Estate of Lacey M. Hammel, Deceased Minor,
[1] Plaintiff-Appellant,
Cross-Appellee,
v.
Charles F. EDDINGFIELD, M.D., Edward McKenney, D.O., and
Vasant F. Pawar, M.D., Defendants-Appellees,
Cross-Appellants.
 Nos. 84-2178, 84-2237 and 84-2258.
 United States Court of Appeals,
Seventh Circuit.
 Aug. 9, 1985.*
Rehearing and Rehearing In Banc Denied Dec. 16, 1985.
 
 1
 Alexandra de Saint Phalle, Londrigan, Potter & Randle, Springfield, Ill., for plaintiff-appellant, cross-appellee.
 
 
 2
 David B. Mueller, Cassidy & Mueller, Peoria, Ill., for defendants-appellees, cross-appellants.
 
 
 3
 Before WOOD and FLAUM, Circuit Judges, and BROWN, Senior District Judge.**
 
 ORDER
 
 4
 On consideration of the motion for reconsideration filed in the above-entitled cause by plaintiff-appellant, cross-appellee Krista Wilsey, all of the judges on the original panel have voted to deny reconsideration. Accordingly,
 
 
 5
 IT IS ORDERED that the aforesaid motion for reconsideration be, and the same is hereby, DENIED.
 
 
 6
 IT IS FURTHER ORDERED that this case be REMANDED to the district court with directions to dismiss the complaint for lack of subject matter jurisdiction.[2]
 
 
 7
 Having had the full benefit of counsel's views on the jurisdictional issue presented and the district court's determination that decedent's father, like the defendants, is an Illinois citizen, we now hold that jurisdiction is lacking.
 
 
 8
 In Betar v. DeHavilland Aircraft of Canada, Ltd., 603 F.2d 30, 32 (7th Cir.1979), we stated the general rule that "the citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction." A party who has no significant interest in the outcome of the litigation cannot use his citizenship to transform a local controversy into one within the diversity jurisdiction of a federal court. Thus, although one serving in a representative capacity is a real party in interest in the sense that the action is properly maintained in his name, Fed.R.Civ.P. 17(a), a representative is not necessarily the real party in interest for the purpose of determining diversity jurisdiction. Id. "[I]f the law of the state gives the administrator, guardian, or other representative the status of only a nominal fiduciary then the beneficiary or the ward, not the administrator or guardian, is the real party in interest, and it is the citizenship of the beneficiary or ward, as the case may be, that is determinative." 3A MOORE'S FEDERAL PRACTICE p 17.04 (2d ed. 1985). That the touchstone of the test is a review of the representative's legal powers, rights and duties was reaffirmed in Navarro Savings Assn. v. Lee, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). See also Miller v. Perry, 456 F.2d 63, 65 (4th Cir.1972).
 
 
 9
 In Betar, we analyzed the duties of a personal representative under the Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70, Sec. 1 et seq., and determined that those duties were an inadequate basis for finding the personal representative to be the real party in interest for diversity purposes.
 
 
 10
 The Illinois Wrongful Death Act gives neither the personal representative nor the decedent's estate the right to share in the proceeds of the recovery. The representative's sole duty under the Act is to distribute the proceeds to the statutory beneficiaries in the event of recovery.
 
 
 11
 Betar, 603 F.2d at 35.[3] We therefore concluded that the personal representative lacked a "stake in the outcome" and that the statutory beneficiaries were the real parties in interest; "[t]hey are the only parties that have an actual stake in the outcome of the litigation." Id. We are fully aware that the Tenth Circuit has disagreed with the Betar analysis, finding that a personal representative, whose duties are to bring the wrongful death action, conduct the litigation, and distribute the proceeds, is not merely a nominal party. Hackney v. Newman Memorial Hospital, Inc., 621 F.2d 1069, 1071 (10th Cir.1980). We are, however, bound by this circuit's precedent unless that precedent is later determined to be erroneous. This is not such a case.
 
 
 12
 Wilsey nevertheless contends that Betar does not govern the outcome of the present suit. She reads Betar to hold that the beneficiaries are the real parties in interest only when the personal administrator lacks a personal stake in the outcome of the lawsuit. She would have us concentrate on her status as a beneficiary in conjunction with her nominal status as personal representative. She informs us that if we do not do so, we will be creating conflict with seven other circuit courts of appeals.[4] Initially, we note that Betar's reference to a stake in the outcome, read in context, was inextricably intertwined with its previous discussion of the duties of a personal representative under the Illinois Wrongful Death Act. The court held that the beneficiaries were the real parties in interest because the representative is only a nominal party. Betar neither holds, nor suggests, that the citizenship of a personal representative, who under state law has only nominal duties but who by virtue of her status as a beneficiary has a stake in the outcome, is controlling for diversity purposes. This is the issue presented here.
 
 
 13
 Hackney is cited by Wilsey in support of her argument. In Hackney, the decedent, the defendants, and all beneficiaries but one were Oklahoma citizens. The daughter-beneficiary who was an Oklahoma citizen originally was appointed administrator of decedent's estate. When the estate had been fully administered and only the cause of action for wrongful death remained, the administrator resigned and the daughter-beneficiary who was a Colorado citizen was named as her successor. The latter then filed suit in federal court claiming diversity of citizenship between herself and the defendants. The Tenth Circuit found that diversity jurisdiction had been properly invoked because the administrator had a "substantial relationship" to the litigation. Two considerations led the court to this conclusion. As previously noted, the court apparently disagreed with Betar, O'Brien v. AVCO Corp., 425 F.2d 1030 (2d Cir.1969), and Lester v. McFaddon, 415 F.2d 1101 (4th Cir.1969), that a personal representative appointed for the sole purpose of pursuing a wrongful death action is merely a nominal party. Under Oklahoma law, the administrator, to whom the cause of action belongs, has full authority to conduct the litigation; the beneficiaries have no right to settle, control or otherwise dispose of the action. The Hackney court further found that the administrator, by virtue of her status as a beneficiary under the Oklahoma wrongful death act, had a substantive stake in the litigation. The court's bottom line was that the appointment of a nonresident fiduciary who has a substantial beneficial interest in the litigation is immune from challenge on jurisdictional grounds. Hackney does not answer the question presented here. In that case, a personal representative's duties under the Oklahoma wrongful death statute were found to be more than nominal. In contrast, in this case Wilsey, as personal representative, would be merely a nominal party under Betar. She has a stake in the outcome (i.e., is a real party in interest) solely by virtue of her status as a beneficiary. But this stake is no different from that held by the two remaining beneficiaries, one of whom is an Illinois resident. We think that the exception Wilsey asks us to create cannot withstand scrutiny. Where the personal representative's role under state law is that of a nominal party, the citizenship of the beneficiaries controls. Merely because one of these beneficiaries seeks appointment as the personal representative does not dispense with consideration of the citizenship of the other beneficiaries. Complete diversity between the beneficiaries and the defendants is required.[5]
 
 
 14
 Before CUMMINGS, Chief Judge, BAUER, WOOD, CUDAHY, ESCHBACH,* POSNER, COFFEY, FLAUM, EASTERBROOK and RIPPLE, Circuit Judges, and BROWN, Senior District Judge**.
 
 ORDER
 
 15
 On consideration of the petition for rehearing and suggestion in banc filed in the above-entitled cause by plaintiff-appellant, Krista Wilsey, individually and as Special Administrator of the Estate of Lacey M. Hammel, Deceased Minor, a vote of the active members of the court was requested, and a majority of the active members of the court have voted to deny rehearing in banc.[1] The order entered in this case on August 9, 1985, is amended sua sponte by the original panel by the addition of a new footnote number 1, and the renumbering of the original footnotes. All of the judges on the original panel have voted to deny the petition for rehearing. Accordingly,
 
 
 16
 IT IS ORDERED that the aforesaid petition for rehearing and petition for rehearing in banc be, and the same are hereby DENIED.
 
 
 17
 POSNER, Circuit Judge, whom ESCHBACH and EASTERBROOK, Circuit Judges, join, dissenting.
 
 
 18
 I would grant rehearing en banc to resolve the conflict between our circuit and the other circuits over whether the citizenship of a personal representative is controlling for purposes of determining whether there is diversity of citizenship. Although a majority of my colleagues have decided not to rehear the case I hope that the next panel of this court to be seised of this issue will give serious consideration to overruling Betar v. DeHavilland Aircraft of Canada, Ltd., 603 F.2d 30 (7th Cir.1979), on which the decision in the present case is based, in light of decisions subsequent to Betar.
 
 
 19
 Ordinarily the citizenship of the fiduciary who brings (or defends) a suit, rather than the citizenship of his beneficiaries, determines whether the suit can be brought in federal court under the diversity jurisdiction. This rule, derived from a line of Supreme Court decisions stretching back to 1808, was emphatically reaffirmed in Navarro Savings Ass'n v. Lee, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), decided after Betar. The Court in Navarro said: "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Id. at 464, 100 S.Ct. at 1783 (footnote omitted). Under Illinois law a suit on behalf of a decedent's estate is prosecuted by and in the name of a personal representative, or if the sole asset of the estate is a claim for damages for the wrongful death of the decedent, by a special administrator. See Ill.Rev.Stat. ch. 70, paragraphs 2, 2.1. These are fiduciaries of the estate's beneficiaries and have sole control over the litigation. A case decided since Betar, indeed since the panel's decision in the present case, dispels an earlier question as to whether Illinois law contained peculiarities that might enable its personal representatives and special administrators to be differentiated from their counterparts in other states for any purpose relevant to this case. See Rodgers v. Consolidated Railroad Corp., 136 Ill.App.3d 191, 193, 90 Ill.Dec. 797, 799, 482 N.E.2d 1080, 1082 (1985), and compare Hackney v. Newman Memorial Hospital, Inc., 621 F.2d 1069, 1071 (10th Cir.1980).
 
 
 20
 There is of course a danger that the lawyers advising the estate or the beneficiaries might procure the appointment of an out-of-state administrator in order to be able to invoke diversity jurisdiction. If they do this they violate 28 U.S.C. Sec. 1359, which forbids the manufacture of diversity jurisdiction. The presumption that the personal representative's citizenship controls for diversity purposes can therefore be rebutted by showing that he was appointed to enable the suit to be brought in (or removed to) federal court. Cf. Navarro Savings Ass'n v. Lee, supra, 446 U.S. at 465, 100 S.Ct. at 1784.
 
 
 21
 The approach I have sketched is the one that most, perhaps all, other courts of appeals follow. See, e.g., Bettin v. Nelson, 744 F.2d 53, 55-56 (8th Cir.1984); Bianca v. Parke-Davis Pharmaceutical Division, 723 F.2d 392 (5th Cir.1984); Gross v. Hougland, 712 F.2d 1034, 1037-39 (6th Cir.1983). (The situation in the Fourth Circuit is unclear. Compare the majority and dissenting opinions in Krier-Hawthorne v. Beam, 728 F.2d 658 (4th Cir.1984).) They and we have no choice, after Navarro. Granted, a trustee is a multi-purpose fiduciary, whereas a personal representative or special administrator is appointed precisely to represent the estate in litigation. Therefore the danger that the personal representative or special administrator will be picked with an eye to conferring diversity jurisdiction is greater than will usually be the case with a trust. The trustee will have been appointed well in advance of litigation, and the selection of the trustee will therefore be based on factors other than, or at least in addition to, obtaining an advantage in litigation. So courts must be especially alert for violations of section 1359 in cases like this; the presumption that a fiduciary is the real party for diversity purposes is easier to rebut; but the approach taken in Navarro is unshaken.
 
 
 22
 In Betar, decided as I have said before Navarro, we had held that since a personal representative lacks a personal stake in the litigation (for he is just the representative of the estate, i.e., of the testator's or interstate's beneficiaries), his citizenship is irrelevant; it is the citizenship of the beneficiaries that counts. See 603 F.2d at 35-36. It is irrelevant on this view that the appointment of the personal representative was not motivated by any purpose of conferring diversity jurisdiction.
 
 
 23
 The problem with this reasoning is that it applies with equal force to other beneficiaries, to trustees for example--who unless they are dishonest trustees have no personal stake in the assets of the trust--and is thus inconsistent with Navarro, which involved a trustee. Betar creates an arbitrary distinction between personal representatives and other trustees. Federal jurisdiction is a complicated enough field without attempting fine distinctions among types of fiduciary; at least that was the view of eight Justices in Navarro, who refused to distinguish between a Massachusetts business trust and an ordinary trust even though as Justice Blackmun pointed out in dissent there were significant differences between these entities. He called the majority's opinion "simplistic" and "formalistic," 446 U.S. at 475-76, 100 S.Ct. at 1789 (dissenting opinion); but of course it binds us.
 
 
 24
 Although the approach of Betar can perhaps be defended as an original matter by reference to the desirability of curtailing diversity jurisdiction and avoiding inquiries into the motive in appointing a personal representative (which perhaps shows that the quest for a simple and mechanically ascertainable test for jurisdiction is delusive in this area), and by observing that the purposes of the diversity jurisdiction are hardly served by, as in this case, allowing a federal court to determine the rights of one state resident against another, just because the trustee or representative of one of them is a nonresident, similar arguments were available, were made, and were rejected in Navarro. While a trustee is less likely than a personal representative to be appointed with an eye to getting an advantage in litigation, it is always possible that trustees would be switched on the eve of litigation to gain an advantage, and hence in trust cases too it will be necessary to inquire into motives in order to determine whether section 1359 has been violated. And although normally a trustee has more extensive managerial duties than a personal representative or a special administrator, when and if the suit ends favorably to the plaintiff the personal representative or special administrator will have the same duties of conservation and distribution of assets that the executor or administrator of an ordinary estate has, or the trustee of a short-term trust or a trust that is winding up. In Illinois the special administrator has such duties and the personal representative doesn't, but in both this case and Betar the plaintiff is a special administrator, because the only asset of the estate is a wrongful death claim. The opinion in Betar called the special administrator a personal representative, but apparently was using the latter term loosely.
 
 
 25
 And against the approach taken in this case and in Betar it can be pointed out that often (though not here) it may be difficult to ascertain the citizenship of the beneficiaries, who may be numerous and in some cases unidentified. Because of the last point I am far from clear that the approach of Betar is correct as an original matter, for it is important that the existence or not of jurisdiction be easily determinable without exploring state inheritance law, or the decedent's family tree. But in any event Betar is out of step with the approach of the other circuits and, more important, seems impossible to reconcile with a recent decision by the Supreme Court. The fact that Betar was decided before Navarro is all the more reason for using this case to reexamine Betar in light of Navarro.
 
 
 26
 In this case, the named plaintiff, who seeks appointment as special administrator, is the decedent's mother and one of her three heirs; so it is not as if the lawyers had picked some unrelated nonresident, with the exclusive or primary purpose of conferring federal jurisdiction; no finding of a violation of section 1359 has been made. There are two possible problems with appointing her as special administrator, but neither provides the ground for the panel's decision, and only the second could actually support it. The first is that the plaintiff has not been appointed by an Illinois court. Although a special administrator is ordinarily appointed by the court in which the action is sought to be filed, which in this case is the federal district court, and although federal district courts are empowered by Fed.R.Civ.P. 17(c) to appoint guardians ad litem for children or other legally incompetent persons in litigation before the court, the historic reluctance of the federal courts to entangle themselves in probate matters, on which see, e.g., Dragan v. Miller, 679 F.2d 712 (7th Cir.1982), counsels against the appointment and consequent supervision of an estate's representative. Whether this argument should prove decisive I am not prepared to say. See id. at 714-16 for a general discussion of the considerations bearing on the application of the probate exception in diversity cases. But in any event, whereas the panel's decision will bar the plaintiff from ever litigating her claim in federal court, a decision holding that the court cannot appoint her the special administrator, while it would require dismissal of her suit, see Pringle v. United States, 419 F.Supp. 289, 291 (D.S.C.1976), would let her repair to the Illinois courts for an appointment; and if she received it she could, but for the panel's decision, refile this suit.
 
 
 27
 The second problem is that it is unclear whether Illinois law authorizes the appointment of a nonresident special administrator for an Illinois estate (the decedent was an Illinois resident, living with her father, who has brought his own suit in an Illinois court). But the panel decision has not resolved that question either, and the answer is not obvious. So although there may be obstacles to maintaining this suit in federal court, the only obstacle the panel found is Betar, which we should reexamine if we are not to persist in a conflict with the other circuits and, more important, with the Supreme Court.
 
 
 
 [1]
 Although plaintiff-appellant, a resident of Iowa, sues in her individual capacity, she designates herself as "Special Administrator" and purports also to sue in that capacity. In her complaint she sought to have the district court exercise its diversity jurisdiction and appoint her special administrator under the Illinois statute. The district court determined that plaintiff-appellant as a non-resident could not qualify as special administrator under Illinois law and accordingly dismissed the complaint for lack of jurisdiction. The father of the deceased child, an Illinois resident, has a suit pending in state court alleging the same cause of action
 
 
 *
 The following Order was not previously published pursuant to Circuit Rule 35, but at Judge Posner's request the Order originally issued on August 9, 1985, as hereby amended, is for publication
 
 
 **
 The Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, is sitting by designation
 
 
 [2]
 In an order dated April 17, 1985, we remanded this case sua sponte to the district court for a determination whether there was complete diversity between the parties, but retained jurisdiction of the appeal. Plaintiff-appellant Wilsey filed a motion for reconsideration and in the alternative a petition for rehearing with suggestion for rehearing en banc, challenging the April 17, 1985 decision and order. Because no final order had yet been issued in this case, only the motion for reconsideration is properly before us
 
 
 [3]
 There is disagreement in Illinois cases on the extent of a personal representative's role in a wrongful death action. Compare Franciscy v. Jordan, 43 Ill.App.2d 344, 193 N.E.2d 219 (2d Dist.1963) (surviving spouse, as administrator of decedent's estate, legally possessed sole right of action or control over litigation) with Strong v. Hodges, 344 Ill.App. 306, 100 N.E.2d 667 (2d Dist.1951) (administrator, who is only the legal agent of the beneficiary, does not have sole and exclusive right to control suit or to compromise, settle or release cause of action)
 
 
 [4]
 In the cases referred to by Wilsey, with the exception of two addressed later, the appointment of nonresident representatives with only nominal duties had the effect of creating facial diversity of citizenship that would not otherwise have existed, all defendants and all beneficiaries being citizens of the same state. Because each of these representatives lacked a stake in the outcome (i.e., his status under state law was as a nominal party only), the appointments were viewed as violations of 28 U.S.C. Sec. 1359. In dicta, these courts stated that if the representatives had had stakes in the outcomes, their citizenship may have controlled for diversity purposes
 
 
 [5]
 Our holding does not conflict with cases in which a nonresident beneficiary was named as personal representative and allowed to bring the wrongful death action in federal court. See O'Brien v. Stover, 443 F.2d 1013 (8th Cir.1971); Janzen v. Goos, 302 F.2d 421 (8th Cir.1962). In O'Brien, the nonresident fiduciary was the decedent's "sole heir." Diversity of citizenship was bona fide. In Janzen, the citizenship of all beneficiaries was the same as that of the nonresident surviving spouse who was appointed as personal representative
 
 
 *
 The Honorable Jesse E. Eschbach since participating in consideration of this case has taken senior status
 
 
 **
 The Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, is sitting by designation. Judge Brown did not participate in the vote on the petition for rehearing in banc
 
 
 [1]
 Judges Eschbach, Posner, and Easterbrook voted to grant rehearing in banc, and Judges Eschbach and Easterbrook join in Judge Posner's dissent to the Order of this court denying rehearing in banc which follows this Order