Elsie Pinto **MARTINEZ**, as Personal Representative of the Estate of Benjamin Davis, deceased, Plaintiff-Appellant,

v.

**UNITED STATES OLYMPIC COMMITTEE**, the USA Amateur Boxing Federation, Inc., the New Mexico Association of USA Amateur Boxing Federation, Inc., the Golden Gloves Association of America, the New Mexico Golden Gloves Association, the State of New Mexico, the New Mexico Boxing Commission, the City of Albuquerque, the VFW Post 401, Lloyd Vanderhoff, Stan Gallup, John Van Sickler, Sammy Burke, Floyd Mansell, Sandy Pino, Fran Montoya, Albert Gutierrez, Roger Rodriguez, Dr. James Shiveley, Dr. A.A. Chester, Dr. C.D. Milligan, Northeastern Fire Insurance Company of Pennsylvania, and Sugar Ray Leonard, Inc., Defendants-Appellees.

No. 83–1758.

United States Court of Appeals, Tenth Circuit.

Oct. 6, 1986.

John B. Leyba (Chris Lucero, Jr., with him, on briefs), Albuquerque, N.M., for plaintiff-appellant.

John A. Klecan of Shaffer, Butt, Thornton & Baehr, Albuquerque, N.M., for defendants-appellees, The USA Amateur Boxing Federation, Inc., The New Mexico Ass'n of USA Amateur Boxing Federation, Inc., Sammy Burke, Floyd Mansell, Sandy Pino, Fran Montoya, and Albert Gutierrez.

Kenneth L. Harrigan and Mark B. Thompson, III, of Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N.M., filed a brief on behalf of defendants-appellees State of N.M. and New Mexico Athletic Com'n.

Alan Konrad and Alice Tomlinson Lorenz of Miller, Stratvert, Torgerson & Brandt, Albuquerque, N.M., filed a brief on behalf of defendant-appellee U.S. Olympic Committee.

C. LeRoy Hansen, Terry R. Guebert, and Paul L. Civerolo of Civerolo, Hansen & Wolf, and Robert W. Casey of Carian & Casey, Albuquerque, N.M., filed a brief on behalf of defendants-appellees V.F.W. Post 401, Stan Gallup, John Van Sickler, and Lloyd Vanderhoof.

Before HOLLOWAY, Chief Judge, and LOGAN and TIMBERS *, Circuit Judges.

LOGAN, Circuit Judge.

This is a wrongful death action brought by Elsie Pinto Martinez as personal representative of the estate of Benjamin Davis. The district court dismissed the complaint for lack of subject matter jurisdiction. We consider on appeal whether the district court erred in finding (1) no federal diversity jurisdiction because Martinez was improperly or collusively made a party in violation of 28 U.S.C. § 1359, and (2) no federal question jurisdiction under 28 U.S.C. § 1331.

Benjamin Davis was a twenty-two year old amateur boxer who, in February 1982, participated in a Golden Gloves boxing tournament in Albuquerque, New Mexico. During his second fight in the tournament, Davis collapsed; he died five days later from severe brain stem injuries.

At the time of his death, Davis was domiciled in New Mexico. He died intestate, and under New Mexico law his only heirs were his parents—Navajo Indians who speak no English. In probate proceedings in New Mexico, both parents listed post office boxes in New Mexico as their addresses.[1] Both declined to act as personal representative for the estate, as did Davis' brothers and sisters. A New Mexico state court appointed as personal representative Elsie Pinto Martinez, Davis' aunt, an English-speaking resident of Arizona. Martinez filed this action on behalf of the estate in the United States District Court for the District of New Mexico. Martinez' various claims for Davis' wrongful death are the estate's only assets.[2]

Martinez joined as defendants the United States Olympic Committee (USOC), a congressionally-chartered corporation; the

---

* The Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. In the later federal district court action, Martinez' counsel submitted his own affidavit stating that Davis' father at all times relevant to this litigation resided on a Navajo Indian reservation in Arizona. At oral argument on summary judgment motions in federal district court, the judge refused to accept this affidavit as sufficient to contradict the New Mexico state court's adjudication that the father resided in New Mexico. In its memorandum opinion the court dismissed the affidavit as irrelevant. R. I, 461. Martinez did not raise the issue on appeal. Cf. Appellant's Brief-in-Chief at 14.

2. Martinez apparently has filed a parallel lawsuit, based on the same claims and against most of the same defendants, in New Mexico state court. See Brief of Appellees State of New Mexico and New Mexico Athletic Commission, App. A, Ex. A.

State of New Mexico; several unincorporated associations based in New Mexico and other states; several for-profit and not-for-profit corporations incorporated and having their principal offices in New Mexico and other states; the New Mexico Boxing Commission, a New Mexico state agency; the City of Albuquerque; and various individuals associated with these entities. No joined defendant was a resident or citizen of Arizona. Martinez claimed diversity jurisdiction under 28 U.S.C. § 1332 on the basis that all listed defendants were diverse to herself. Martinez also claimed federal question jurisdiction under 28 U.S.C. § 1331 on the basis that "Benjamin Davis' rights and guarantees as provided by the constitutions and laws of the State of New Mexico and these United States, were violated under color of law," and also that "[s]ubstantial federal questions are involved...." R. I, 4.

Defendants USOC and Sugar Ray Leonard, Inc. moved to dismiss for lack of subject matter jurisdiction. Apparently all defendants sought dismissal for lack of diversity jurisdiction. Although its memorandum opinion specifically addressed only USOC and Sugar Ray Leonard, Inc.'s motions, the district court found both federal question and diversity jurisdiction lacking, and dismissed the complaint. The parties have treated the dismissal as applying to all defendants. Hence we conclude that we have a final appealable order under 28 U.S.C. § 1291. We affirm.

I

■ The general rule in federal court is that the citizenship of a personal representative of an estate determines diversity in suits brought by or against that person for the estate. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 186, 52 S.Ct. 84, 85, 76 L.Ed. 233 (1931). *See generally* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3606 (1984). This rule is subject to 28 U.S.C. § 1359, which denies jurisdiction when "any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of [the district court]." In the leading case of *McSparran v. Weist*, 402 F.2d 867 (3rd Cir.1968), *cert. denied*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), the court held that a personal representative chosen for the sole purpose of creating diversity jurisdiction, who has no real or substantial interest in the controversy, is improperly or collusively named within the meaning of § 1359. *Id.* at 873. In *Groh v. Brooks*, 421 F.2d 589 (3d Cir.1970), the court set forth several factors to be considered in determining whether jurisdiction has been artificially created, including

"the identity of the representative and his relationship to the party represented; the scope of the representative's powers and duties; any special capacity or experience which the representative may possess with respect to the purpose of his appointment; whether there exists a non-diverse party, such as a parent in a suit for injuries to a child, who might more normally be expected to represent the interests involved; whether those seeking the appointment of the representative express any particular reasons for selecting an out-of-state person; and whether, apart from the appointment of an out-of-state representative, the suit is one wholly local in nature."

*Id.* at 595.

Other circuits, while generally following *McSparran*, have differed regarding the importance of the actual motive or purpose behind the appointment of a particular representative. *Compare Bishop v. Hendricks*, 495 F.2d 289, 293–96 (4th Cir.), *cert. denied*, 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653 (1974) (only motives giving "substance" to representation and elevating representative above the level of a nominal party are relevant in determining diversity; personal preference, kinship, and business experience will not be considered), *and Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30 (7th Cir.1979), *cert. denied*, 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980) (representative with no stake in outcome of wrongful death action and no duties to perform other than

distributing proceeds to the beneficiaries was improperly made a party under § 1359 despite absence of motive to manufacture jurisdiction), *with Bianca v. Parke-Davis Pharmaceutical Division,* 723 F.2d 392, 398 (5th Cir.1984) (language of § 1359 requires that motive underlying appointment be the guide for diversity inquiry; administratrix' citizenship can be disregarded "only when there is a factual determination that the administratrix was named with a purpose to manufacture diversity").

■ In *Hackney v. Newman Memorial Hospital, Inc.,* 621 F.2d 1069 (10th Cir.), *cert. denied,* 449 U.S. 982, 101 S.Ct. 397, 66 L.Ed.2d 244 (1980), we held that the appointment of a fiduciary who had a substantial beneficial interest in the litigation being conducted was immune from challenge under § 1359. In essence we held in *Hackney* that an heir's beneficial interest in the outcome of the litigation kept the appointment from being a sham transaction condemned by § 1359. That holding does not require us to find, however, that if the representative has no personal economic stake in the outcome, the appointment is in violation of § 1359 regardless of motive, as it apparently would be under the *Bishop* and *Betar* tests. While we would prefer to avoid time-consuming hearings on difficult-to-resolve issues of subjective motivation, we agree with the Fifth Circuit's view in *Bianca* that the language of § 1359, denying jurisdiction when a party has been made or joined "to invoke" jurisdiction, requires inquiry into the motive for the appointment in cases in which the appointee does not have a personal economic stake in the litigation.

■ It is apparent that Martinez has no beneficial interest in the litigation; any recovery will go to the decedent's parents, his only heirs.[3] Therefore it is necessary to inquire into the motive behind Martinez' appointment. The determination of motive

is a fact question, subject to review on a clearly erroneous standard. *Bianca,* 723 F.2d at 398; Fed.R.Civ.P. 52(a). And the burden of proof on this issue is on the party seeking to invoke the federal court's jurisdiction. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Bradbury v. Dennis,* 310 F.2d 73 (10th Cir.1962), *cert. denied,* 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963). That is the problem for Martinez here. The district court gave both sides an opportunity to present evidence at the hearing on defendants' motion to dismiss. Martinez presented no evidence relating to her appointment other than that recited in the court's findings:

> "[T]he only evidence before the court relevant to this issue are the Petition and Order of Appointment of Personal Representative in the McKinley County District Court probate proceeding. Those documents indicate that (1) the decedent's only heirs are his father and mother, both of whom have New Mexico addresses, (2) decedent's father and mother are both Navajo Indians, neither can speak English, and neither wish to serve as personal representative of decedent's estate, (3) Elsie Pinto Martinez, a citizen of Arizona and decedent's aunt, was appointed personal representative because she can speak English, is gainfully employed, and is a right and proper person to act as personal representative."

R. I, 461. Had Martinez made an additional showing, for example, that she was the decedent's only English-speaking adult relative, or that she was the person under Navajo custom who would serve as family representative in these circumstances, the appointment might well have survived the motive inquiry required by the statute. But on the basis of this sparse record, we cannot say that the court clearly erred in determining that Martinez had failed to

---

**3.** Counsel for Martinez argue that under the New Mexico statute it is not clear who receives the proceeds of this wrongful death action, and that Martinez might, therefore, have a stake in the outcome. Appellant's Brief-in-Chief at 8–11.

There is no support for this contention in the record; we accept the district court's determination that Martinez has no interest in the litigation. *See* N.M.Stat.Ann. §§ 41–2–3, 45–2–103 B.

meet the burden necessary to invoke the diversity jurisdiction of the court. Thus, the district court finding of lack of complete diversity must stand.

## II

■ Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974); *Oklahoma v. Blankenship*, 447 F.2d 687, 691–92 (10th Cir.1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787 (1972); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3566 (1984). The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law. *Kirkland Masonry, Inc. v. Commissioner*, 614 F.2d 532, 533 (5th Cir.1980). *See also Chasis v. Progress Manufacturing Co.*, 382 F.2d 773, 776–77 (3d Cir.1967).

■ In this case, the complaint merely states that the decedent's "rights and guarantees as provided by the constitutions and laws of the State of New Mexico and these United States, were violated under color of law," and that "[s]ubstantial federal questions are involved granting jurisdiction under 28 U.S.C. 1331." R. I, 4. It is apparent from the section of Martinez' complaint entitled "Claim for Relief" that this suit is based on the defendants' alleged negligence in failing to conduct a safe amateur boxing event. The complaint itself raises no issue regarding the validity, construction or application of any federal statute. *See Madsen v. Prudential Federal Savings & Loan Assoc.*, 635 F.2d 797, 801 (10th Cir.), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). Merely alleging that "federal questions are involved" is insufficient to convert what appears to be a common-law negligence claim into a federal question.

■ In oral argument to the district court on the motion to dismiss, and in her appellate briefs, Martinez has alleged that the Amateur Sports Act of 1978, 36 U.S.C. §§ 371–396, creates a private cause of action which she may assert. While these allegations should have appeared in Martinez' complaint, for purposes of this appeal we may treat the complaint as having been amended to include them. *See* 28 U.S.C. § 1653 (defective jurisdictional allegations may be amended on appeal); *Willingham v. Morgan*, 395 U.S. 402, 407 n. 3, 89 S.Ct. 1813, 1816 n. 3, 23 L.Ed.2d 396 (1969); *Eisler v. Stritzler*, 535 F.2d 148, 152 n. 3 (1st Cir.1976).

A suit will be dismissed for lack of federal question jurisdiction when the claim is "too insubstantial for consideration," *Hagans v. Lavine*, 415 U.S. 528, 539, 94 S.Ct. 1372, 1380, 39 L.Ed.2d 577 (1974), or is "wholly insubstantial and frivolous," *Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir.), *cert. denied*, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974). Otherwise the district court "will assume jurisdiction in order to decide whether the allegation stated a cause of action on which the court could grant relief as well as to determine the issues of fact arising in the controversy." *Id.* at 885 (affirming the district court because it "correctly entertained the action and then dismissed it because of plaintiff's failure to show a substantial federal question").

This case appears to present the first instance in which a federal cause of action has been asserted under the Amateur Sports Act for injury to an amateur athlete in an event allegedly sponsored by the USOC. Suits by individual athletes challenging USOC control of athletes' participation in Olympic events have required detailed analysis by other courts. *See Michels v. United States Olympic Committee*, 741 F.2d 155 (7th Cir.1984); *DeFrantz v. United States Olympic Committee*, 492 F.Supp. 1181 (D.D.C.) *aff'd mem.*, 701 F.2d 221 (D.C.Cir.1980); *cf. United States Wrestling Federation v. Wrestling Division of the AAU, Inc.*, 545 F.Supp. 1053 (N.D.Ohio 1982) (finding a right in an organization to sue under a 1980 amendment to the Act),

*aff'd mem.*, 711 F.2d 1060 (6th Cir.1983). We find initially, therefore, that this case is neither wholly frivolous nor too insubstantial for consideration, and hence the district court should have held it had federal question jurisdiction to decide the merits of the claim.

■ Turning to the merits of the claim, however, we find that Martinez does not state a cause of action on which relief may be granted. The Seventh Circuit recently held that a weightlifter denied certification as a member of the United States Olympic team had no cause of action under the Act. *Michels*, 741 F.2d at 157–58. The court noted that the Act contained no express private cause of action, and discussed the legislative history:

"The legislative history of the Act clearly reveals that Congress intended not to create a private cause of action under the Act. The Act as originally proposed contained an 'Amateur Athlete's Bill of Rights,' which included a civil cause of action in federal district court for any athlete against an NGB, educational institution, or other sports organization that threatened to deny the athlete's right to participate in certain events. *See* S. 2036, 94th Cong., 1st Sess. § 304(a) (1977). As the Senate Report explains, this bill of rights provision 'met with strong resistance by the high school and college communities. Ultimately, the compromise reached was that certain substantive provisions on athletes' rights would be included in the USOC Constitution, and not in the bill.' S.Rep. No. 770, 95th Cong., 2d Sess. 5–6 (1978). Congress omitted the bill of rights provision in the Act's final version. Congress thus considered and rejected a cause of action for athletes to enforce the Act's provisions."

*Id.* (footnote omitted). *Accord DeFrantz*, 492 F.Supp. at 1192.

The Act states that purposes of the USOC include promotion and support for amateur athletic activities, promotion of public participation in amateur athletic activities, and assistance to organizations in the development of amateur athletic programs. 36 U.S.C. § 374(5), (6) and (7). We find no indication in the Act that Congress intended the USOC to be liable to athletes injured while competing in events that were not fully controlled by the USOC. Therefore, we uphold the district court's dismissal of Martinez' suit because she failed to state a federal cause of action on which the court could grant relief.

### III

■ The USOC, the State of New Mexico, the New Mexico Athletic Commission, and perhaps others, seek attorneys' fees and costs against the estate on the ground that Martinez' claims or appeals against them were frivolous. Although we have rejected Martinez' diversity jurisdiction argument, we do not find it to be frivolous.

Assuming a proper factual basis, the allegation of federal question jurisdiction under the Amateur Sports Act also would not be so frivolous or insubstantial as to warrant assessment of attorneys' fees and costs against the plaintiff. The facts, however, have not been sufficiently developed in the record before us to ascertain whether Martinez reasonably could have believed when the complaint was filed that the USOC or any other particular defendant was sufficiently connected to Davis' injury to be named a party defendant.

. Therefore, while we affirm the district court's dismissal of plaintiff's suit, we remand for such determinations of fact as are necessary to ascertain whether any defendants seeking attorneys' fees and costs were the objects of vexatious and frivolous suit without reasonable basis in information and belief.