**Arthur JAMES, etc., Plaintiff,**

v.

**THREE NOTCH MEDICAL CENTER; et al., Defendants.**

Civil Action No. 96–T–1371–N.

United States District Court, M.D. Alabama, Northern Division.

June 5, 1997.

---

James Harvey Tipler, Frank J. Tipler, Jr., Tipler Law Offices, Andalusia, AL, for plaintiff.

Richard B. Garrett, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for defendants.

*MEMORANDUM OPINION*

MYRON H. THOMPSON, Chief Judge.

Plaintiff Arthur James, personal representative of decedent Gladys Victoria Hooks,

---

brings this wrongful death lawsuit, pursuant to § 6–5–410 of the 1975 Alabama Code, against defendants Three Notch Medical Center, J.F. Maddox and Joanne M. Smith. He invokes the diversity-of-citizenship jurisdiction of this court under 28 U.S.C.A. § 1332. James is a citizen of Florida and all defendants are citizens of Alabama. Defendants contend that jurisdiction is improper, and that James, as personal representative of Hooks, must assume Hook's Alabama citizenship for diversity jurisdiction purposes. 28 U.S.C.A. § 1332(c)(2). Accordingly, defendants assert that diversity-of-citizenship does not exist, and move for dismissal for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). For the reasons that follow, the motion will be granted.

## I.

■ The burden of establishing diversity jurisdiction rests upon the party asserting it. *Rayfield v. Nat'l Auction Group, Inc.,* 878 F.Supp. 203 (M.D.Ala.1995). This premise flows from the general proposition that federal courts are courts of limited jurisdiction, so that they must "scrupulously confine their own jurisdiction to the precise limits which a federal statute has defined." *Victory Carriers v. Law,* 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971). In particular, diversity jurisdiction exists only where there is "complete diversity" between plaintiffs and defendants, *Strawbridge v. Curtiss,* U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), who must be "the real and substantial parties to the controversy," *Navarro Sav., Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980).

In this matter, James asserts the existence of diversity-of-citizenship jurisdiction, and must establish that under application of § 1332(c)(2), added by Congress to the diversity statute through the Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100–702, he is rightfully treated as a citizen of Florida. The statute reads: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or an incompetent

shall be deemed to be a citizen only of the same State as the infant or incompetent."

James argues that he is not the representative of the *estate* of Hooks under the Alabama Wrongful Death Statute. That statute states:

(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.

· · · · ·

(c) The damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions.

1975 Ala.Code § 6–5–410.

## II.

Though a first reading of the applicable statutes seemingly places James within § 1332(c)(2), he argues, to the contrary, that the personal representative acting under the Alabama Wrongful Death Statute is *not* acting for the decedent's estate. He contends that this reading of the statute is consistent with Alabama cases holding that a personal representative in such cases is "an agent of legislative appointment," *Brown v. Mounger,* 541 So.2d 463 (Ala.1989), who represents the statutory distributees, *Board of Trustees Univ. of Ala. v. Harrell,* 43 Ala.App. 258, 188 So.2d 555 (1965), *cert. denied,* 279 Ala. 685, 188 So.2d 558 (1966), and that no portion of the recovery goes to the estate of the decedent, *Shirley v. Shirley,* 261 Ala. 100, 73 So.2d 77 (1954). The personal representative bringing a wrongful death action in Alabama, under James's interpretation, is not a "legal representative of the estate," but something more akin to a statutory trustee for the real parties in interest. *Harrell,* 188 So.2d at

555. As such, his personal citizenship governs.

Next, he argues that, in enacting § 1332(c)(2), Congress did not intend to include all wrongful death actions, as evidenced by a change in the language of the statute from the proposed ALI statute. The ALI proposal was worded as follows: "(c) an executor, administrator, or any person representing the estate of a decedent *or appointed pursuant to statute with authority to bring an action for wrongful death ....*" Field, Richard H., "Jurisdiction of Federal Courts, A Summary of American Law Institute Proposals," 46 F.R.D. 141, 143 (1969) (emphasis added). James argues that the elimination of the underscored language indicates "that Congress intended to leave wrongful death actions to be decided according to existing rules of law."[1]

As additional support for his position, James cites *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166 (7th Cir.1992). The *Milam* court held that the citizenship of the beneficiary of a decedent's uninsured motorist policy, not the citizenship of the decedent, was controlling for the purposes of diversity jurisdiction. 972 F.2d at 168. The court noted that under the applicable Louisiana statute—what it called "an oddity of Louisiana law"—the decedent's estate could not be regarded as an entity capable of bringing suit. *Id.* Thus, the widow or beneficiary could not act as the legal representative of the estate.

James acknowledges that a number of courts have found § 1332(c)(2) applicable where administrators of estates have brought wrongful death actions under state statutes. *See Palmer v. Hospital Authority*, 22 F.3d 1559 (11th Cir.1994) (Georgia wrongful death act); *Green v. Lake of the Woods County*, 815 F.Supp. 305 (D.Minn.1993) (Minnesota wrongful death action); *Wheelock v. Sport Kites, Inc.*, 839 F.Supp. 730 (D.Hawai'i 1993); *Walls v. Ahmed*, 832 F.Supp. 940 (E.D.Pa. 1993) (Pennsylvania wrongful death and survival action); *Liu v. Westchester County Medical Center*, 837 F.Supp. 82 (S.D.N.Y. 1993) (New York wrongful death action). He distinguishes these cases—with the exception

of *Liu*—on the ground that each of those state statutes permits some recovery on the part of the estate, usually for medical and funeral expenses of the decedent. That is not the case under the Alabama statute, so that the personal representative is not acting for the estate in any respect, James contends, but only for the distributees.

Defendants present two arguments in favor of their position. First, they contend that, because a personal representative acquires the right to act only because he represents the estate of the decedent, the relevant consideration is James's representational status. *See Tank v. Chronister*, 951 F.Supp. 182 (D.Kan.1997). That is, the right to bring a wrongful death action is vested only in the person who has been appointed to represent the decedent's *estate*, not a person acting on behalf of one or all of the distributees, or a distributee herself. *See Waters v. Hipp*, 600 So.2d 981, 982 (Ala.1992) (citing *Downtown Nursing Home, Inc. v. Pool*, 375 So.2d 465 (Ala.1979), *cert. denied*, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980)). Accordingly, it is only by virtue of the personal representative's capacity as "legal representative of the estate of a decedent" that he is entitled to act for the beneficiaries. Defendants argue that, as the estate's legal representative, James takes the decedent's citizenship no matter how distribution of the proceeds of the wrongful death action may be restricted by state statute.

Second, defendants contend that James's reliance on *Milam* is misplaced, both because the case was filed before the effective date of § 1332(c)(2) and because the Louisiana law is distinguishable. Under Louisiana law, a wrongful death action belongs to the spouse and children, in contrast to the Alabama law which grants the cause of action exclusively to the personal representative. *Brown*, 541 So.2d 463, 463 (Ala.1989) (citing *Holt v. Stollenwerck*, 174 Ala. 213, 56 So. 912 (1911)). It is the representative capacity in the Alabama statute which triggers § 1332(c)(2), in their view.

1. Plaintiff's brief in opposition to motion to dismiss filed October 15, 1996, at 2.

Thus, defendants urge the court to adopt the reasoning of *Green,* which rejected an argument very similar to that made by James. The Minnesota statute vests the right to bring a wrongful death action in a "trustee." The district court held the trustee in such an action was within § 1332(c)(2), finding that the intent of Congress was to include all such persons within the statute, regardless of how they were titled by various state legislatures. *Green,* 815 F.Supp. at 307–09.

### III.

Both parties, and the court, agree that "the issue is solely one of Congressional intent."[2] Likewise, they agree that the purpose of the addition of subsection (c)(2) to § 1332 was to prevent the manipulation of jurisdiction through the choice of estate administrators, executors, and the like. The commentary to the draft proposal of subsection (c)(2), made by the ALI, describes it as "treating an executor or other personal representative as a citizen of the same state as the decedent or other person represented, so that diversity cannot be created or destroyed by such an appointment." The so-called "per se rule" was intended to eliminate the need for inquiry into the motives of the appointing decedent to enforce 28 U.S.C.A. § 1359, which forbids improper or collusive actions to invoke diversity jurisdiction.[3] Courts had developed their own tests to accommodate § 1359, some applying a "motive or function" rule and others opting for the "substantial stake" guideline. Others applied a "per se rule," as mentioned, the approach advocated by the ALI.[4]

James argues that the alteration of the language in the subsection indicates that Congress intentionally eliminated § 1332(c)(2)'s application in state wrongful death actions such as the one now before this court. In support of his argument, James notes that the House Report submitted with the bill makes no reference to or comment upon the changes in subsection (c)(2). 1988 U.S.C.C.A.N. 5982, 6005.

Contrary to James's argument, the court finds the lack of discussion about the alteration to support the proposition that the change in wording was merely editorial. Had this been a deliberate alteration from the ALI version with a specific purpose of reserving federal jurisdiction over wrongful death actions for state determination, one would expect that the committee would have so noted. Instead, there are only the most general statements of purpose from the congressional reports, which assert that "the provisions of this subtitle make amendments to reduce the basis for Federal court jurisdiction based solely on diversity of citizenship." H.R. 100–889, 1988 U.S.C.C.A.N. 5982, 1988 WL 169934. Applying that principle supports defendants' view of a broad definition of "legal representative of an estate," which leads to a narrower scope of diversity.

James overlooks the fact that the alteration on which he relies does not merely exclude the language regarding wrongful death actions; rather it entirely replaces the opening list of fiduciaries, "an executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death" with the more concise "legal representative of the estate of a decedent."

Nor have commentators adopted James's interpretation of the revision of the language of § 1332(c)(2) from the ALI original proposal. The recent edition of Moore's Federal Practice states that "The federal courts had long had trouble with such matters, especially cases involving estates in which an out-of-state executor was appointed to bring a wrongful death action in federal court against a citizen of the same state as the decedent." 15 J. Wm. Moore, et al., § 102App.04[7], at 28 (3d ed.1997). Similarly, the Federal Prac-

---

**2.** *Id.*

**3.** Section 1359 provides:

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusive-

ly made or joined to invoke the jurisdiction of such court."

**4.** For a thorough discussion of the division among circuits, *see Pallazola v. Rucker,* 797 F.2d 1116, 1121–26 (1st Cir.1986).

tice and Procedure treatise states that the subsection, "which was taken virtually verbatim from the [ALI's proposal], should bring a great deal of stability and rationalization to this area of diversity jurisdiction and eliminate the tremendous expenditure of time and energy by lawyers and judges in determining whether particular appointments were real or sham." 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3640 (1996 Supp.). There is no hint or suggestion among these scholars that Congress removed wrongful death actions from the purview of (c)(2), leaving the jurisdiction of federal courts in such actions to the discretion of state legislatures. Therefore, the court finds that personal representatives under Alabama wrongful death law are within the scope of congressional intent in enacting § 1332(c)(2).

The court finds no contradiction in the plain language of § 1332(c)(2) and the Alabama statute and case law interpreting it. Rather, under § 6–5–410 of the 1975 Alabama Code, a "personal representative" is defined as the executor or executrix of the decedent's will or the administrator or administratrix of an intestate's estate. *Waters,* 600 So.2d at 982. In other words, a "personal representative" under the Alabama Wrongful Death Statute is the "legal representative of the estate of a decedent." By substituting the former for the latter in subsection (c)(2), the statute would read "the *personal* representative shall be deemed to be a citizen only of the same state as the decedent. . . ." This is the point defendants make when they state that "the Plaintiff's capacity in this action can only be that of personal representative (administrator) of the estate of Gladys Victoria Hooks, Deceased, or else the suit is a nullity." [5] *See id.*

In finding that personal representatives under the Alabama Wrongful Death Statute fall under § 1332(c)(2), this court's conclusion aligns with the decision of the few federal courts that have addressed their similar state statutes. The court finds some relevance, but little merit, in the distinction James makes by looking to whether the recovery under various state statutes may be used for funeral or medical debts of the decedent.

Indeed, not one of the opinions relied on by defendants makes that point, or relies on that reasoning. *See generally Palmer,* 22 F.3d 1559; *Green,* 815 F.Supp. 305; *Wheelock,* 839 F.Supp. 730; *Walls,* 832 F.Supp. 940; *Liu,* 837 F.Supp. 82. A recent analysis under the Kansas Wrongful Death Statute also reaches the same conclusion, although the proceeds of that statute go to the exclusive benefit of the heirs at law. *Tank,* 951 F.Supp. at 183. Moreover, if the controlling factor in this analysis is congressional intent, as James concedes, then it would be improper to override that intent merely to honor subtle distinctions in state law.

Finally, as the *Liu* court noted, this ruling preserves and respects the underlying purposes of diversity jurisdiction, with a minimum of risk of prejudice to an out-of-state personal representative. That is, prejudice is "most unlikely to exist in wrongful death suits in which the decedent and defendants were citizens of the same State." *Liu,* 837 F.Supp. at 83. It also prevents the rigging of jurisdiction in diversity suits based on wrongful death by making "a pre-existing non-manipulable fact determinative for diversity purposes." *Id.* "This furthers the objective of the 1988 amendment of preventing forum shopping and avoiding unnecessary ancillary litigation concerning the jurisdictional issue." *Id.*

### IV.

In keeping with the intent of Congress in enacting § 1332(c)(2), the court holds that the citizenship of the decedent controls in diversity actions where a personal representative brings a wrongful death action under § 6–5–410 of the 1975 Alabama Code. The court finds that § 1332(c)(2) focuses on the nature of the representative capacity of the person bringing the action, and not on whether that position is being exercised for the benefit of the decedent's estate.

Accordingly, an appropriate judgment will be entered dismissing this lawsuit, albeit without prejudice.

---

5. Defendants' brief in support of motion to dis-    miss, filed October 7, 1996, at 3.

*JUDGMENT*

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the motion to dismiss filed by defendants on September 18, 1996, is granted; and

(2) That this cause is dismissed without prejudice.

It is further ORDERED that costs are taxed against plaintiff, for which execution may issue.