**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES B. TANK, surviving son and
heir-at-law of Kathleen Tank,
deceased,

     Plaintiff-Appellee,

       v.

BERT CHRONISTER, M.D.; BOARD
OF TRUSTEES OF WILSON
COUNTY HOSPITAL, dba Wilson
County Hospital,

     Defendants-Appellants.

No. 97-3176

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-1540-FGT)

---

Phillip P. Ashley, of Williamson & Cubbison, Kansas City, Kansas, and Curtis J.
Waugh (David E. Bruns with him on the brief), of Goodell, Stratton, Edmonds &
Palmer, Topeka, Kansas, for the appellants.

Patrick A. Hamilton (Lynn R. Johnson with him on the brief), Overland Park,
Kansas, for the appellee.

---

Before **HENRY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

Defendants Bert Chronister, M.D., and the Board of Trustees of Wilson County Hospital appeal the district court's decision granting plaintiff James B. Tank's motion to reconsider the court's previous order granting defendants' motion to dismiss. Defendants contend on appeal that dismissal is appropriate because complete diversity of jurisdiction does not exist as required by 28 U.S.C. § 1332(c)(2). We conclude there is diversity jurisdiction in this case and affirm.

I.

Plaintiff filed a wrongful death action in United States District Court for the District of Kansas, asserting defendants' negligent conduct contributed to the death of his mother, Kathleen Tank. Plaintiff is a resident of Wisconsin. Decedent was a resident of Kansas at the time of her death. Her husband and an adult daughter were also Kansas residents at the time of her death and at the time this action was filed. Defendants are residents of Kansas.

Defendants filed a motion to dismiss, asserting complete diversity of jurisdiction was not present because, pursuant to 28 U.S.C. § 1332(c)(2), a wrongful death plaintiff in Kansas is deemed to be a citizen of the same state as the decedent. Section 1332(c)(2) provides in part that "[t]he legal representative of the estate of a decedent shall be deemed to be a citizen of the same State as the decedent." In initially granting defendants' motion to dismiss, the district court

concluded "one who brings a wrongful death action under Kansas law is a 'legal representative of a decedent's estate' for purposes of § 1332(c)(2) and is therefore deemed to be a citizen of the same state as the decedent." Appendix I at 124. It logically followed from this determination that complete diversity did not exist as decedent and defendants were all residents of Kansas. However, plaintiff moved for reconsideration and the district court reversed its ruling, holding § 1332(c)(2) did not apply to individuals who are authorized by state statute to pursue -- in their individual capacities and not on behalf or for the benefit of decedent's estate -- a claim for wrongful death. Thus, the court granted plaintiff's motion for reconsideration and certified its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II.

The district court's interpretation of a statute is a question of law subject to de novo review by this court. See F.D.I.C. v. Canfield, 967 F.2d 443, 445 (10th Cir. 1992). When an issue concerns a question of law, the standard of review on appeal is the same as that applied by the trial court in making its initial ruling. See United States v. Frederick, 897 F.2d 490, 491 (10th Cir. 1990). Thus, we afford no deference to the district court's legal conclusions. See Robinson v. Missouri Pacific R. Co., 16 F.3d 1083, 1092 (10th Cir. 1994).

**Diversity jurisdiction**

In Kansas, there are two separate and distinct actions that may arise out of a person's death caused by another's negligence. A survival action may be brought only by the estate administrator pursuant to Kan. Stat. Ann. § 60-1901, and only for the purpose of recovering damages suffered by the decedent prior to death. See Mason v. Gerin Corp., 647 P.2d 1340, 1343 (Kan. 1982). In contrast, a wrongful death action may be brought only by the decedent's heirs-at-law pursuant to Kan. Stat. Ann. § 60-1902, and only for their "exclusive benefit" for damages suffered by them as a result of the wrongful death. See id.; Hembree v. Tinnin, 807 F. Supp. 109, 110 (D. Kan. 1992). The claim for wrongful death is brought neither on behalf or for the benefit of the estate, but only on behalf and for the benefit of the heirs. On appeal, defendants contend Congress intended § 1332(c)(2) to apply to all wrongful death actions in which the decedent and defendant were residents of the same state. Plaintiff responds that § 1332(c)(2) does not apply to him because he is not, pursuant to § 60-1902, acting as "the legal representative" of his mother's estate.

Section 1332 was added to the diversity statute as part of the Judicial Improvements Act of 1988. The purpose of the Act was to reduce substantially the diversity jurisdiction of the federal courts. See H.R. Rep. No. 100-889, *reprinted in* 1988 U.S.C.C.A.N. 5982. Section 1332(c)(2) contributed to this

effort by discouraging, in cases involving a decedent's estate, the appointment of out-of-state personal representatives solely for the purpose of creating diversity of citizenship where it would otherwise not exist. See David D. Siegel, Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements and Access to Justice Act, *reprinted in* 123 F.R.D. 399, 409 (1989). This tactic was most often utilized to gain access to the federal courts where decedent and defendants were residents of the same state. See id. Section 1332(c)(2), which does not define "legal representative of the estate," was premised on the following 1969 proposal of the American Law Institute:

> An executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death is deemed to be a citizen only of the same state as the decedent . . . . The purpose is to prevent either the creation or destruction of diversity jurisdiction by the appointment of a representative of different citizenship from that of the decedent or person represented.

Richard H. Field, Jurisdiction of Federal Courts, *reprinted in* 46 F.R.D. 141, 143 (1969).

Under the proposal, plaintiff, as a person appointed pursuant to statute with authority to bring a wrongful death action, would be deemed to be a citizen of the same state as decedent. However, Congress did not adopt the ALI proposal wholesale, but instead deleted all references to executors, administrators, and the like in favor of the designation "legal representative of the estate of a decedent."

By its plain terms, § 1332(c)(2) is more narrow than the ALI proposal and excludes from its coverage those who are not representing the estate of a decedent, even if the individual is "appointed pursuant to statute with authority to bring an action for wrongful death." Section 1332(c)(2) therefore is not triggered, as defendants suggest, by the fact that under Kansas law a wrongful death plaintiff acts in a "representative capacity." Although the named plaintiff does serve as a representative, the plaintiff represents only the other heirs and not the estate itself. See Kan. Stat. Ann. § 60-1902 ("The action shall be for the exclusive benefit of all of the heirs who ha[ve] sustained a loss regardless [of] whether they all join or intervene therein."). Defendants' proposed interpretation ignores that part of § 1332(c)(2) requiring that representation be on behalf "of the estate of a decedent."

We decline defendants' invitation to ignore the plain statutory language and assume Congress "merely substituted the single term 'legal representative' for the ALI's enumerated fiduciaries." Green v. Lake of the Woods County, 815 F. Supp. 305, 308 (D. Minn. 1993). There is no basis either in the text of the statute or in the limited legislative history to support that conclusion. See H.R. Rep. No. 100-889 (making no reference to or comment upon addition of subsection (c)(2)). In the absence of such evidence, we will not speculate that Congress meant what it did not say. See Canfield, 967 F.2d at 445 ("'Absent a clearly expressed

-6-

legislative intent to the contrary, [the plain language of a law] must ordinarily be regarded as conclusive.'") (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990)). [1]

We also find inapposite James v. Three Notch Medical Center, 966 F. Supp. 1112 (M.D. Ala. 1997), and Liu v. Westchester County Medical Center, 837 F. Supp. 82 (S.D.N.Y. 1993). In both cases, the plaintiffs were proceeding under statutory schemes significantly different from § 60-1902. The wrongful death statutes in those cases involved court or statutory appointment of an individual, not necessarily a person related to the decedent, to represent the *estate* in a wrongful death action. Thus, although the claims were brought for the exclusive benefit of the heirs as opposed to the estate, they nonetheless were brought on *behalf* of the estate. See James, 966 F. Supp. at 1114 ("right to bring a wrongful death action is vested only in the person who has been appointed to represent the decedent's estate, not a person acting on behalf of one or all of the distributees"); Liu, 837 F. Supp. at 83.

The decision in Milam v. State Farm Mutual Auto. Ins. Co., 972 F.2d 166 (7th Cir. 1992), is more persuasive authority in these circumstances. There, the wife of a motorist killed in a traffic accident brought suit against the defendant

---

[1] It bears mention that had Congress so desired, it could have eliminated federal court jurisdiction in all wrongful death cases except where the decedent and defendant were diverse.

-7-

insurance company.  The decedent and the insurer both were citizens of Illinois; at the time of suit, plaintiff was a citizen of Louisiana.  On appeal, the court raised sua sponte the issue of diversity jurisdiction, specifically citing § 1332(c)(2).  Although that provision was not in effect when plaintiff filed her suit, it nonetheless was embodied in preexisting Seventh Circuit law.  The court upheld the exercise of jurisdiction, based on what it described as "an oddity of Louisiana law."  Id. at 168.  As the court explained:

> Louisiana apparently does not regard a decedent's estate as an entity on behalf of which a lawsuit can be brought.  So [plaintiff] brought this suit not as the legal representative of her husband's estate but in her own behalf and as the guardian of her children. . . . [S]he is not suing as a representative of her husband's estate, and therefore the main objection to basing diversity jurisdiction on the representative's own citizenship--that it facilitates spurious invocations of the diversity jurisdiction (the estate of a state resident could sue another state resident in federal court by appointing a nonresident executor)-- is absent.

Id. at 168.  This reasoning is equally applicable here: An "oddity" of Kansas law precludes a wrongful death suit from being pursued by or on behalf of the estate.  Hence, any such suit is not within the ambit of § 1332(c)(2).  Compare James, 966 F. Supp. at 1114 (distinguishing Milam based on differences in Louisiana statute and statute at issue); and Liu, 837 F. Supp. at 84 n.3 (same), with Marler v. Hiebert, 960 F. Supp. 253 (D. Kan. 1997) (under Kansas law a wrongful death plaintiff is not the "legal representative of the estate of a decedent" under § 1332(c)(2)).

Our decision is bolstered significantly by the ALI's own explanatory comment to its proposal suggesting decedent's citizenship is not adopted when the plaintiff is not randomly appointed by the court or pursuant to statute, but is of a designated relationship to the decedent which by statute is given a right to sue in his or her own name because of decedent's death:

> The phrasing "any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action because of the death of a decedent" is couched so as to include any person, regardless of the form of statutory designation, who is appointed with authority to bring an action for wrongful death. *It does not include a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (e.g., a widow or child of the decedent); such a person retains such right of access to a federal court as his own citizenship gives him*. The imposition upon diversity jurisdiction has been the appointment of out-of-staters to create diversity, and there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment.

American Law Institute, Study of the Division of Jurisdiction between State and Federal Courts at 118 (1968) (emphasis added). The facts here fall squarely within this exception. A Kansas statute grants plaintiff, by virtue of his relationship to the decedent, the right to sue for wrongful death, and the plaintiff, by virtue of his independent citizenship status, is diverse from the defendant. See Marler, 960 F. Supp. at 254 (citing above comment in finding § 1332(c)(2) did not preclude Alabama citizen and heir-at-law of Kansas decedent from suing a Kansas defendant for wrongful death in federal district court). This interpretation

-9-

gives effect to all of the provisions and comments embodied in the ALI proposal but does not dilute the effectiveness of § 1332(c)(2) as a deterrent to forum shopping. Indeed, subsection (c)(2) still accomplishes its primary goal -- to discourage the random appointment of unrelated out-of-state legal or personal representatives either by the court or pursuant to statute where the representative is not of a specified relationship to the decedent.

Defendants note a majority of states require that wrongful death claims be brought by an appointed personal representative of the estate, even though the estate is not the beneficiary of any recovery. Defendants complain in those states § 1332 would sweep broader than in the small minority of states like Kansas where the estate does not, indeed cannot, bring the wrongful death claim. Defendants' argument is not without merit, but it exaggerates the extent of the problem, at least in Kansas where the wrongful death claimant is required by § 60-1902 to be an heir-at-law who brings the action for the exclusive benefit of all of the heirs who have sustained a loss by reason of the death. See Carter v. City of Emporia , 543 F. Supp. 354, 357 (D. Kan. 1982) (construing "the term 'heirs at law' to be synonymous with the term 'heirs' as construed under the Kansas intestate succession statutes") (citing Johnson v. McArthur , 596 P.2d 148 (Kan. 1979)). In states where access is denied, claimant is bringing the action on behalf of the estate and is more likely unknown and unrelated to decedent. Only in this

latter scenario of the unrelated claimant is forum shopping a legitimate concern.

We hold that an individual bringing a wrongful death action under Kan. Stat. Ann. § 60-1902 is not the "legal representative of the estate of a decedent" under § 1332(c)(2), and is therefore not deemed to be a resident of the same state as the decedent for diversity of jurisdiction purposes.

**Collusion**

Defendants alternatively contend any heir-at-law who brings a wrongful death action in which that heir is diverse from the defendant should per se be considered to have improperly or collusively invoked diversity jurisdiction if other heirs-at-law are not diverse from the defendant. As previously stated, there were other heirs-at-law here who were Kansas residents.

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. Before enactment of § 1332(c)(2), numerous courts employed § 1359 to deter forum shopping in survival and wrongful death actions.  See Green, 815 F. Supp. at 307-08.  In fact, it was the inability of the various circuits to agree on a single test under § 1359 that led to the ALI proposal and the eventual enactment of § 1332(c)(2).  See id.  It is thus debatable whether the exercise of jurisdiction, once

found to be proper under § 1332(c)(2), should be further scrutinized under § 1359.

Even if a § 1359 analysis is appropriate, defendants' arguments fail under prevailing Tenth Circuit law. In Hackney v. Newman Mem'l Hosp., Inc., 621 F.2d 1069, 1071 (10th Cir. 1980), we held a party with a "real, substantive stake in the litigation" may not be the subject of a § 1359 jurisdictional challenge, "even if [the plaintiff] was appointed . . . simply to obtain diversity jurisdiction." In Hackney, plaintiff brought a wrongful death claim as administrator of her mother's estate. Plaintiff was a citizen of Colorado; her mother, like defendant, was a citizen of Oklahoma. The district court dismissed the wrongful death claim on the ground that plaintiff had been collusively appointed administrator to obtain diversity jurisdiction. We reversed, explaining:

> A rule permitting challenge of the appointment as fiduciary of a nonresident family member who has a beneficial interest in the recovery would provide an opportunity for delay tactics by defendants and force trial courts to hold hearings upon subjective motivations that would be time consuming and extremely difficult to resolve. We think the better view is to make immune from challenge, for diversity purposes, an appointment of a fiduciary who has a substantial beneficial interest in the litigation being conducted.

Id.

The reasoning of Hackney applies here. Tank has a real, beneficial interest in the lawsuit and, as one of decedent's heirs, is entitled to a share of any eventual recovery. It is therefore irrelevant that a local, non-diverse heir might

-12-

more easily or logically serve as plaintiff.   See Martinez v. United States Olympic Committee , 802 F.2d 1275, 1279 (10th Cir. 1986) (holding inquiry into motive of appointment is necessary only if appointee has no personal economic stake in litigation).

AFFIRMED.