**Christina K. YEUBANKS, mother and surviving next of kin of Sarah Nicole Anderson, deceased, Plaintiff,**

v.

**METHODIST HEALTHCARE MEMPHIS HOSPITALS d/b/a Le Bonheur Children's Medical Center, Inc., Amy L. Hertz, M.D., S. Douglas Hixson, M.D., and Pediatric Surgical Group, Inc., Defendants.**

**No. 02–2544 DA.**

United States District Court, W.D. Tennessee, Western Division.

Oct. 18, 2002.

T. Robert Hill, Randall J. Phillips, Hill Boren, Jackson, TN, for Christina K. Yeubanks.

Gary K. Smith, James T. McColgan, III, Karen M. Campbell, Gary K. Smith & Assoc., PLLC, Memphis, TN, for Methodist HealthCare Memphis Hospitals.

Albert C. Harvey, Marcy L. Dodds, Thomason Hendrix Harvey Johnson & Mitchell, Memphis, TN, for Pediatric Surgical Group, Inc., S. Douglas Hixson, M.D.

Teresa J. Sigmon, Claire Cissell, Sigmon Law Firm, Memphis, TN, for Amy L. Hertz, M.D.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

DONALD, District Judge.

Plaintiff, Christina Yeubanks ("Ms.Yeubanks"), filed a complaint against Defendants, Methodist Healthcare Memphis Hospitals, d/b/a Le Bonheur Children's Medical Center, Inc. ("Le Bonheur"); Amy L. Hertz, M.D. ("Dr.Hertz"); S. Douglas Hixson, M.D. ("Dr.Hixson"); and Pediatric Surgical Group, Inc. ("PSG"), on July 10, 2002. Defendants filed motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). For the following reasons, this Court grants the motions to dismiss.

### I. Background

Ms. Yeubanks' nine year old daughter, Sarah Nicole Anderson, was taken to Le Bonheur for medical treatment on February 17, 1998, after being involved in an automobile accident. She was pronounced dead on February 18, 1998. At the time of her death, Sarah Anderson ("Decedent") lived with her mother, younger sister, and grandparents at 6564 Oak Park Drive, Cordova, Tennessee.

Wayne Anderson, Decedent's father, filed a wrongful death lawsuit on February 4, 1999, against Ms. Yeubanks, Sandra McWilliams, and Tracy Kriemer. Ms. Yeubanks was the driver of the vehicle in which Decedent was a passenger, and Sandra McWilliams owned the vehicle driven by Ms. Yeubanks. Tracy Kriemer operated the other vehicle involved in the auto-

mobile accident. The case was settled and dismissed on August 21, 2000.

On February 17, 1999, Ms. Yeubanks filed a medical malpractice action against the above named Defendants in Division 8 of the Circuit Court of Tennessee for the Thirtieth Judicial District of Memphis. The case proceeded to trial on June 11, 2001. On July 17, 2001, Ms. Yeubank filed a notice of voluntary dismissal as to Dr. Hixson and PSG. The following day, Ms. Yeubanks voluntarily dismissed the claims of medical negligence against Dr. Hertz and of vicarious liability against Le Bonheur. The order granting the voluntary non-suit was entered on July 19, 2001. Pursuant to Rules 54.02(2) and 41.04 of the Tennessee Rules of Civil Procedure, the state court awarded discretionary costs of approximately $36,000 against Ms. Yeubanks and stayed the proceedings in a new action until payment of these costs. Ms. Yeubanks appealed the order to the Tennessee Court of Appeals, and the case is pending at this time.

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of jurisdiction over the subject matter, while Rule 12(b)(6) addresses the failure to state a claim upon which relief may be granted. A motion to dismiss may only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, "the court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002) (*quoting Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

## III. Analysis

### A. Subject Matter Jurisdiction

Ms. Yeubanks alleges that this Court maintains subject matter jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Ms. Yeubanks currently resides in Mississippi, and the Defendants either reside or maintain their principle place of business in Tennessee. Defendants argue that this Court lacks subject matter jurisdiction because complete diversity does not exist pursuant to 28 U.S.C. § 1332(c)(2). Title 28, section 1332(c)(2) of the United States Code provides that

> the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

Citizenship, as used in 28 U.S.C. § 1332(c)(2), means domicile. *Certain Interested Underwriters at Lloyd's, London England v. Layne*, 26 F.3d 39, 41 (6th Cir.1994). Defendants assert in effect that Ms. Yeubanks is acting as the "legal representative of the estate of the decedent." Accordingly, Defendants maintain that to determine whether diversity exists, the Decedent's citizenship should control.

In *Liu v. Westchester County Medical Center*, 837 F.Supp. 82, 83 (S.D.N.Y.1993), the court held that "[w]rongful death actions are brought by fiduciary nominal plaintiffs seeking to recompense the beneficiaries, in the generic as well as often in the testamentary sense, of the decedent. Nominal plaintiffs bringing wrongful death suits are thus 'representatives' of an 'estate' of the decedent, although defined by wrongful death statutes and decisions rather than by testamentary instruments." The court therefore found that it lacked

jurisdiction because the decedent and the defendants were citizens of New York. *Id.* The court determined that its holding "furthers the objective of the 1988 amendment [to 28 U.S.C. § 1332] of preventing forum shopping and avoiding unnecessary ancillary litigation concerning the jurisdictional issue." *Id.*

Likewise, in *James v. Three Notch Medical Center,* 966 F.Supp. 1112, 1116 (M.D.Ala.1997), the court found that under Alabama wrongful death law a personal representative is within the scope of congressional intent in enacting 28 U.S.C. § 1332(c)(2). The court held that a "personal representative" under the Alabama Wrongful Death Statute is the "legal representative of the estate of the decedent." *James,* 966 F.Supp. at 1116. In conclusion, the court stated that " § 1332(c)(2) focuses on the nature of the representative capacity of the person bringing the action, and not on whether that position is being exercised for the benefit of the decedent's estate." *Id; See also Green v. Lake of the Woods County,* 815 F.Supp. 305, 309 (D.Minn.1993)(holding that "plaintiff, as appointed trustee under Minnesota's Wrongful Death Act, is a 'legal representative of the estate of a decedent' within the meaning of 28 U.S.C. § 1332(c)(2) and decedent's citizenship controls.").

Three other district courts have ruled contrary to the preceding decisions. The underlying rationale in these decisions is that "a person bringing a wrongful death suit is not a 'legal representative of the estate of a decedent' under section 1332(c)(2) because *the plaintiff is bringing suit on his or her own behalf and not on behalf of the estate." Webb v. Banquer,* 19 F.Supp.2d 649, 652 (S.D.Miss.1998)(emphasis added); *see also Winn v. Panola–Harrison Elec. Coop., Inc.,* 966 F.Supp. 481 (E.D.Tex.1997); *Tank v. Chronister,* 998 F.Supp. 1160 (D.Kan.1997); *Marler v. Hie-*

*bert,* 960 F.Supp. 253 (D.Kan.1997). In *Webb,* the court held that under the Mississippi Wrongful Death Statute some "beneficiaries derive their right to bring the wrongful death action from their relationship to the decedent rather than from court appointment, [and therefore] their case is not covered by section 1332(c)(2)." *Webb,* 19 F.Supp.2d at 652. With these varying positions in mind, this Court will now decide whether 28 U.S.C. § 1332(c)(2) is applicable to this case.

The Court finds that 28 U.S.C. § 1332(c)(2) must be read in conjunction with the correlating state wrongful death statutes to determine whether Ms. Yeubanks is the "legal representative" of the estate. Section 20–5–106(a) of the Tennessee Code Annotated provides:

> [T]he right of action which a person, who dies from injuries received by another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death **but shall pass to the person's ... next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; or to the person's natural parents or parent....**

(emphasis added). Tennessee law governs the interpretation of its substantive law. *Legg v. Chopra,* 256 F.3d 286, 289 (6th Cir.2002). The Tennessee Supreme Court has repeatedly stated that the statute creates only one cause of action. *See Ki v. State,* 78 S.W.3d 876 (Tenn.2002); *Lynn v. City of Jackson,* 63 S.W.3d 332, 336 (Tenn. 2001). The sole cause of action is the one that the decedent would have had, absent death, against the tortfeasor. *Id.* at 879. "The decedent is the sole party who holds a right of action or claim in a wrongful death suit." *Id.* at 879–80(*citing Lynn,* 63

S.W.3d 332, 336 (Tenn.2001)). "Tennessee's wrongful death statute does not create a new cause of action for the beneficiaries but instead preserves the right of action of the decedent." *Lynn,* 63 S.W.3d at 336. The survivors or beneficiaries of the decedent are merely "asserting the decedent's right of action *on behalf of the decedent.*" *Ki,* 78 S.W.3d at 880 (emphasis added).

Section 20–5–113 of the Tennessee Code Annotated permits beneficiaries to recover damages for their losses and the decedent's loss. The Tennessee Supreme Court has held that Tenn.Code Ann. § 20–5–113 only establishes the type of damages recoverable for wrongful death and does not create a new right of action in the beneficiaries. *Id.* "[B]eneficiaries do not have an individual claim or cause of action for the wrongful death of the decedent. Instead, the beneficiaries may recover damages for their individual losses that arise pursuant to the right of action vested in the decedent." *Id.* (*citing Kline v. Eyrich,* 69 S.W.3d 197, 207 (Tenn.2002)).

Ms. Yeubanks argues that she is not acting as the "legal representative of the estate," but instead is acting individually on her own behalf. It is clear, however, that under Tennessee law any party bringing an action for wrongful death does so in his representative capacity for the decedent. A "legal representative" is defined generally as "one who stands in place of, and represents the interests of, another." BLACK'S LAW DICTIONARY 1041 (4th Ed.1968). Therefore, pursuant to Tennessee law, a beneficiary who brings an action for wrongful death is in reality pursuing the decedent's cause of action. Although a beneficiary may recover damages for his or her losses, he or she retains no individual right to bring suit. Accordingly, this Court holds that Ms. Yeubanks, in bringing this action for the wrongful death of Sarah Anderson, is in effect acting as the decedent's legal representative as contemplated by 28 U.S.C. § 1332(c)(2).

Furthermore, Ms. Yeubanks' assertion that she is bringing this action in her individual capacity is unavailing. Only the decedent is vested with a right of action which the beneficiaries may assert on behalf of the decedent. To accept Ms. Yeubanks' argument would require the Court to conclude that Plaintiff's action must be dismissed for failure to state a claim upon which relief may be granted because under Tennessee law a beneficiary of a decedent does not have a right of action for wrongful death absent the decedent's right of action.

Having concluded that 28 U.S.C. § 1332(c)(2) is applicable to this case, the Court must now determine whether diversity exists. This determination depends upon the citizenship of Decedent at the time of her death. It is undisputed that at the time of Sarah Anderson's death, she was a citizen of Shelby County, Tennessee. The Court concludes that complete diversity does not exist. This Court lacks subject matter jurisdiction. It is unnecessary therefore to address Defendants' remaining alleged grounds for dismissal because the Court's finding of lack of subject matter jurisdiction is dispositive.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED.**