Michael A. **DURLACHER** and David L. Durlacher as representatives of the wrongful death beneficiaries of Lindsey C. Durlacher, Plaintiffs,

v.

Rocky Wayne **HOFFSCHNEIDER** and John Does I–X, Defendants.

Case No. 12–CV–59–J.

United States District Court, D. Wyoming.

Jan. 29, 2013.

Jason Tangeman, Philip A. Nicholas, Stacy Lynn Rostad–Kasper, Nicholas & Tangeman, Laramie, WY, for Plaintiffs.

Brett Marshall Godfrey, James M. Thomaidis, Julie N. Richards, Godfrey & Lapuyade PC, Englewood, CO, Paul R. Flick, Montgomery Kolodny Amatuzio & Dusbabek, Denver, CO, for Defendants.

## ORDER ON SUBJECT MATTER JURISDICTION

ALAN B. JOHNSON, District Judge.

Lindsey Durlacher was injured while snowmobiling near Ryan Park, Wyoming, after Defendant Rocky Hoffschneider—a Colorado citizen—allegedly crashed his snowmobile into Mr. Durlacher's snowmobile. Mr. Durlacher died a few months later. After Mr. Durlacher's death, a state district court appointed Plaintiffs Michael and David Durlacher—Mr. Durlacher's brothers and Illinois citizens—as representatives for the purpose of prosecuting wrongful death and other claims on behalf of Mr. Durlacher's beneficiaries. The brothers then brought suit against Mr. Hoffschneider, asserting a wrongful death claim and a survival action. During a recent status conference, this Court questioned its subject matter jurisdiction over this matter and ordered briefing on the issue. The Court now concludes that it has subject matter jurisdiction over the brothers' wrongful death claim and survival action.

## STANDARD OF REVIEW

"Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006). A party invoking federal court jurisdiction must allege its existence, *see Cameron v. Hodges*, 127 U.S. 322, 8 S.Ct.

1154, 32 L.Ed. 132 (1888), and that party has the burden of establishing its existence, *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1194, 175 L.Ed.2d 1029 (2010). Because the federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

## FACTS

Lindsey Durlacher was injured while snowmobiling near Ryan Park, Wyoming, when Defendant Rocky Hoffschneider allegedly crashed his snowmobile into Mr. Durlacher's snowmobile. *See* Compl. 2–3, ECF No. 1. Mr. Durlacher died a few months later, allegedly from injuries inflicted by Mr. Hoffschneider during the snowmobiling incident. *See id.* at 3. Plaintiffs Michael and David Durlacher are Mr. Durlacher's brothers. *Id.* at 2. After Mr. Durlacher's death, a state district court appointed the brothers as "co-personal representatives for the purpose of prosecuting wrongful death claims on behalf of the beneficiaries of Lindsey C. Durlacher and any other claims that may arise in the alternative." *Id.* Ex. A at 2. The brothers then brought suit against Mr. Hoffschneider in this Court, asserting a wrongful death claim and a survival action. *Id.* at 3–5.

The brothers' complaint alleges that this Court has subject matter jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. *Id.* at 1. The parties do not dispute that the brothers are Illinois citizens and that Mr. Hoffschneider is a Colorado citizen. Pls.' Mem. 4, ECF No. 33. But the diversity statute complicates matters by providing that "the legal representative of the estate of a decedent shall be deemed a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2) (2006). Here, Mr. Durlacher (the decedent) arguably was a Colorado citizen when he died.[1] Pls.' Mem. 2 n. 1, ECF No. 33. Concerned that § 1332(c)(2) might apply and destroy diversity in this case, the Court questioned its subject matter jurisdiction at a recent status conference and ordered briefing on the issue. *See* Order, ECF No. 29.

The brothers contend that the Court has subject matter jurisdiction over their wrongful death claim because, under Tenth Circuit precedent, the brothers are not the legal representatives of Mr. Durlacher's estate within the meaning of § 1332(c)(2). *See* Pls.' Mem. 3–4, ECF No. 33. And, while the brothers concede that this Court lacks original jurisdiction over their survival action, they argue that this Court can and should exercise supplemental jurisdiction over the survival action because, under 28 U.S.C. § 1367(a), the survival action forms part of the same case or controversy as the wrongful death claim. *See id.* at 5–7.

Mr. Hoffschneider does not contest the Court's subject matter jurisdiction over the wrongful death claim and survival action. Def.'s Resp. 4, ECF No. 35. He does, however, contend that the brothers cannot maintain their survival action under Wyoming law. *See id.* at 4–6. The Court first will discuss its jurisdiction over the

---

**1.** In the brothers' memorandum in support of jurisdiction, they assume that Mr. Durlacher was a Colorado citizen when he died. *See* Pls.' Mem. 3, ECF No. 33. In a footnote, the brothers state that "information has arisen that suggests that Lindsey was actually an Illinois citizen for purposes of diversity jurisdiction." *Id.* at 2 n. 1. But the brothers devote none of their argument to establishing that Mr. Durlacher was an Illinois citizen at the time of his death, so this Court will assume (without deciding) that he was a Colorado citizen for purposes of this Order.

wrongful death claim before turning to the survival action. A brief conclusion follows.

## DISCUSSION

### I. The Wrongful Death Claim

■ The critical issue regarding the wrongful death claim is whether the brothers are the legal representatives of Mr. Durlacher's estate for diversity jurisdiction purposes. If they are, then they take on Mr. Durlacher's Colorado citizenship under § 1332(c)(2), leaving this Court without diversity jurisdiction in light of Mr. Hoffschneider's Colorado citizenship. But if the brothers are not the legal representatives of Mr. Durlacher's estate, then their Illinois citizenship applies, diversity exists, and the Court has jurisdiction. The Court holds that representatives who bring a wrongful death claim under Wyoming's wrongful death act are not the legal representatives of the decedent's estate within the meaning of 28 U.S.C. § 1332(c)(2) and thus do not take on the decedent's citizenship for diversity jurisdiction purposes. In light of this holding, the Court concludes that the brothers' Illinois citizenship applies here such that the Court has subject matter jurisdiction over their wrongful death claim based on diversity of citizenship.

■ "Article III of the Constitution authorizes federal court jurisdiction for suits between citizens of different states." Erwin Chemerinsky, *Federal Jurisdiction* 309 (6th ed. 2012). Congress has authorized the federal courts to exercise this diversity jurisdiction in 28 U.S.C. § 1332, which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different states." 28 U.S.C. § 1332(a)(1) (2006). The statute requires complete diversity; "diversity does not exist unless *each* defendant is a citizen of a

different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (emphasis in original). For purposes of diversity, a person is a citizen of the state in which the person is domiciled. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983). "Domicile generally requires two elements: (1) physical presence in a state and (2) the intent to make the state a home." 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.34(2) (3d ed. 2012). Courts consider the totality of the circumstances when determining a person's domicile. *Id.* § 102.36(1) (listing factors courts have considered).

The diversity statute also provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2) (2006). The Tenth Circuit construed this provision in the context of a wrongful death suit in *Tank v. Chronister*, 160 F.3d 597 (10th Cir.1998). *Tank* provides the analytical roadmap that this Court follows to resolve this issue so it merits some discussion.

In *Tank*, the plaintiff—a Wisconsin citizen and an heir of the decedent—brought a wrongful death claim against two Kansas defendants for the death of the plaintiffs mother, who was a Kansas citizen when she died. *See id.* at 598–99. The defendants argued that the court lacked subject matter jurisdiction because the plaintiff was the legal representative of his mother's estate under § 1332(c)(2) such that he took on her Kansas citizenship and thus was not diverse from the Kansas defendants. *See id.* at 598.

The *Tank* court ruled that § 1332(c)(2) "excludes from its coverage those who are not representing the estate of a decedent, even if the individual is appointed pursuant to statute with authority to bring an action for wrongful death." *Id.* at 599. The

court articulated the following test for whether a person is representing a decedent's estate under § 1332(c)(2): A wrongful death plaintiff does not represent the decedent's estate under § 1332(c)(2) if the wrongful death claim is brought neither on behalf of nor for the benefit of the decedent's estate. *See id.* at 600 ("Kansas law precludes a wrongful death suit from being pursued by or on behalf of the estate. Hence, any such suit is not within the ambit of § 1332(c)(2).").

Applying this test, the court examined Kansas's wrongful death statute and determined that, under Kansas law, "[t]he claim for wrongful death is brought neither on behalf or for the benefit of the estate, but only on behalf and for the benefit of the [decedent's] heirs." *Id.* at 599. Kansas's wrongful death statute did not involve court or statutory appointment of an individual to represent *the estate* in a wrongful death action, and thus the court concluded that wrongful death claims under Kansas law were not *on behalf of* the decedent's estate. *See id.* at 600 (distinguishing cases involving court or statutory appointment of an individual to represent the estate in a wrongful death action). The court also concluded that wrongful death claims under Kansas law were not for the benefit of the decedent's estate because Kansas's wrongful death statute expressly provided that "[t]he action shall be for the exclusive benefit of all of the heirs who have sustained a loss." *See id.* at 599. In light of these conclusions, the court held that "an individual bringing a wrongful death action under [Kansas's wrongful death statute] is not the 'legal representative of the estate of a decedent' under § 1332(c)(2), and is therefore not deemed to be a resident of the same state as the decedent for diversity of jurisdiction purposes." *Id.* at 601.

Here, the Court finds that claims under Wyoming's wrongful death act are brought neither on behalf of nor for the benefit of

the decedent's estate. The plain text of Wyoming's wrongful death act demonstrates that claims brought under the act are not brought on behalf of the decedent's estate. The act states that the wrongful death representative acts on behalf of the decedent's potential beneficiaries, not on behalf of the decedent's estate. *See* Wyo. Stat. Ann. § 1-38-104(a) (Supp.2012) ("In appointing the wrongful death representative, the court shall determine the person who will best *represent the interests of the potential beneficiaries* of the action as a whole.") (emphasis added). The statute nowhere indicates that wrongful death claims can be brought by or on behalf of the decedent's estate. *See id.* §§ 1-38-101 through 1-38-105 (2011 & Supp. 2012). In fact, this Court has previously concluded that Wyoming law permits only the personal representative to bring a wrongful death claim, precluding wrongful death suits brought by or on behalf of the decedent's estate. *See Ashley v. Read Constr. Co.,* 195 F.Supp. 727, 728 (D.Wyo.1961) (stating that only the personal representative of the decedent can bring a wrongful death action); *see also* Wyo. Stat. Ann. § 1-38-102(a) (Supp.2012) ("Every wrongful death action under W.S. 1-38-101 shall be brought by and in the name of the decedent's wrongful death representative"); *Tuttle v. Short,* 42 Wyo. 1, 288 P. 524, 529 (1930) ("Under the Wyoming statutes it is plain that an action for death by wrongful act can be brought only by and in the name of the personal representative. . . ."). Moreover, the Wyoming legislature recently amended the wrongful death act to clarify that wrongful death claims are brought on behalf of the decedent's potential beneficiaries. *See* 2012 Wyo. Sess. Laws 16, *available at* http://legisweb.state.wy.us/2012/Session%20Laws.pdf ("AN ACT relating to civil procedure . . . generally specifying on whose behalf a wrongful death action is

brought. . . ."). Thus, the Wyoming wrongful death act's plain text, precedent, and the preamble to the recent statutory amendment all support this Court's finding that suits under the act are not brought on behalf of the decedent's estate.

The Court also finds that claims under Wyoming's wrongful death act are not brought for the benefit of the decedent's estate. Again the plain text of the act demonstrates this, providing that "[every] wrongful death action under W.S. 1–38–101 shall be brought . . . *for the exclusive benefit of beneficiaries who have sustained damage.*" Wyo. Stat. Ann. § 1–38–102(a) (Supp.2012) (emphasis added). Precedent also establishes that wrongful death claims under Wyoming's wrongful death act are not for the benefit of the decedent's estate. *See Ashley,* 195 F.Supp. at 728 ("The pertinent statutes of Wyoming make it crystal clear that . . . such action is brought, not to enhance the estate of the deceased, but to benefit those whom the state law ordains should share in the distribution of the deceased's estate as if she had died intestate. . . ."); *DeHerrera v. Herrera,* 565 P.2d 479, 482 (Wyo.1977) ("[T]he wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider."); *Tuttle,* 288 P. at 529 (stating that in a wrongful death action "the amount of the recovery does not become a part of the estate of the deceased"). Both the Wyoming wrongful death act's plain text and precedent support this Court's finding that suits brought under the act are not for the benefit of the decedent's estate.

Having found that claims under Wyoming's wrongful death act are brought neither on behalf of nor for the benefit of the decedent's estate, the Court holds that representatives who bring a wrongful death claim under Wyoming's wrongful death act are not the legal representatives of the decedent's estate for purposes of 28 U.S.C. § 1332(c)(2) and thus do not take on the decedent's citizenship for diversity jurisdiction purposes. *Cf. Tank v. Chronister,* 160 F.3d 597, 601 (10th Cir.1998). Applying that holding here, the Court concludes that the brothers are not the legal representatives of Mr. Durlacher's estate under § 1332(c)(2) and therefore do not take on his Colorado citizenship for purposes of diversity jurisdiction. Rather, the brothers' Illinois citizenship applies such that complete diversity exists between the parties in light of Mr. Hoffschneider's Colorado citizenship. The Court has subject matter jurisdiction over the brothers' wrongful death claim based on diversity jurisdiction.

## II. The Survival Action

■ The Court has supplemental jurisdiction over the brothers' survival action under 28 U.S.C. § 1367, which provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a) (2006). "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford,* 608 F.3d 698, 702–03 (10th Cir.2010) (internal quotation marks omitted).

■ Here, the Court's discussion of the brothers' wrongful death claim establishes that the Court has original jurisdiction over this case. The brothers' survival action arises from the same facts as their wrongful death claim—namely, Mr. Durlacher's snowmobile accident and resulting injuries—such that the survival action forms part of the same case or controversy

within the meaning of § 1367(a). The Court therefore has supplemental jurisdiction over the survival action.

The Court notes that in his response Mr. Hoffschneider "contests the notion that a survivorship claim can be maintained in this action . . . , and although the instant motion is not a motion for dismissal or summary judgment of that particular claim for relief, Defendant would not wish to be seen to have waived the argument through silence." Def.'s Resp. 3, ECF No. 35. Mr. Hoffschneider has not waived any argument that Wyoming law bars the brothers' survival action, and the Court will entertain any motion to dismiss or for summary judgment that Mr. Hoffschneider files regarding the brothers' survival action.

### CONCLUSION

The Court has subject matter jurisdiction over the brothers' wrongful death claim because they are not the legal representatives of Mr. Durlacher's estate under 28 U.S.C. § 1332(c)(2) and thus do not take on Mr. Durlacher's Colorado citizenship for diversity jurisdiction purposes. Rather, the brothers' Illinois citizenship applies such that complete diversity exists between the parties in light of Mr. Hoffschneider's Colorado citizenship. The Court has supplemental jurisdiction over the brothers' survival action under 28 U.S.C. § 1367.